## Wytheville.

### BELLENOT v. CITY OF RICHMOND.

#### June 11, 1908.

1. INSTRUCTIONS—*Sufficiency—Jury Fully Instructed.*—If an instruction given by the court correctly states the law, is based upon evidence which tends to prove the facts upon which it is predicated, and is of itself sufficient to inform the jury as to the law of the case, it is not error to refuse other instructions tendered by the parties. In the case at bar, the instruction given measures up to these requirements.

2. HIGHWAYS—*Dedication—Acceptance—Subsequent Obstructions—Limitation of Actions.*—In an action of ejectment by a city to recover a strip of land alleged to be part of the public highway, the city is entitled to recover where it appears that a century ago the highway was duly laid out, dedicated and accepted, and has since been continuously used, improved, occupied and enjoyed as a highway, and that the southern boundary of the highway constituted the northern boundary of the lot now owned by the defendant, and that she still has all of the land called for by the deeds under which she claims, although in the meantime there may have been encroachments by those under whom the defendant claims upon such highway.

3. LIMITATION OF ACTIONS—*State as Party—Public Highways.*—Title to a public highway cannot be acquired by adverse possession. Time does not run against the State, nor bar the right of the public. On this point *Poe, Trustee,* v. *City of Richmond,* 24 Gratt. 149, is disapproved.

Error to a judgment of the Circuit Court of the city of Richmond, in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the plaintiff in error.

*Henry R. Pollard,* for the defendant in error.

Keith, P., delivered the opinion of the court.

By an act of assembly, approved February 25, 1892, the city of Richmond was given the right to sue in ejectment to recover possession of land claimed by the city as a public highway. In January, 1907, in pursuance of the power thus conferred, the city instituted its action of ejectment in the circuit court to recover the parcel of land described in the declaration, which it was alleged was unlawfully withheld from the plaintiff by the defendant, Miss M. L. Bellenot.

After the evidence was introduced, both plaintiff and defendant asked for instructions, which the court refused to give, and in lieu thereof instructed the jury as follows:

"The court instructs the jury, that it is necessary for the city to prove, in order to prevail in this case, that there has been a dedication of the land in question as a public highway, and an acceptance of such by the duly constituted county authorities, and the burden of proof rests upon the city to sustain its contention by a preponderance of the evidence, and in determining the question at issue the city must rely solely upon the strength of its own title and cannot rely upon any defect, if any, in that of the defendant. The court, therefore, instructs the jury, if you believe from the evidence that the property described in the declaration is north of the true south line of the Turnpike road or Broad street, and that this southern line is so fixed by the deed from Thomas Rutherford and wife to Jno. L. Harris, dated August 10, 1815, then this is sufficient evidence of such dedication, and the evidence in this case proving an acceptance of the road by the duly constituted authorities of the county, prior to the building of the alleged obstruction, the court instructs the jury they must find for the plaintiff."

The jury found a verdict for the plaintiff, upon which the court entered judgment, to which a writ of error was awarded

by one of the judges of this court upon the petition of the defendant, who assigns as error, the giving of the instruction, and the refusal of the court to set aside the verdict as being unsupported by the evidence.

The contention of plaintiff in error is that the instruction proceeded upon a misunderstanding and a misconception of the evidence.

We are of opinion, that if the instruction given by the court correctly states the law and is based upon evidence which tends to prove the facts upon which it is predicated, it was in itself sufficient to inform the jury as to the law of the case, and there was no error in the refusal of the court to give the instructions asked for by the plaintiff in error. We are further of opinion, that upon its face the instruction states the law correctly, and is supported by the decisions of this court.

In *Buntin* v. *City of Danville*, 93 Va. 200, 24 S. E. 830, the syllabus is as follows: "Dedication is an appropriation of land by its owner for the public use. It is not within the statute of frauds, and need not be by deed or other writing, but may be effectually done by verbal declaration. It may be express or implied, and will be implied from long use by the public of the land claimed to be dedicated. The intent is the vital principle, and the dedication may be made in every conceivable way that such intention may be manifested. When such intention has been unequivocally manifested, and there has been acceptance by competent authority, or such long use by the public as to render its reclamation unjust and improper, the dedication is complete; and when complete it is irrevocable."

These views are reaffirmed by this court in the case of *Town of West Point* v. *Bland,* 106 Va. 792, 56 S. E. 802, 1 Va. App. 170.

Thomas Rutherford and wife, by their deed dated August 10, 1815, conveyed to John L. Harris "two squares, each containing four half-acre lots, town measure, situate, lying and being in the county of Henrico, just above the said city." With

the description of the first of these squares we are not concerned, and the deed continues: "The other square is bounded as follows, viz.: Beginning on the north side of a continuation of G or Capitol street, at the point of its intersection with the west side of the first mentioned cross street, thence with the west side of the said cross street, three hundred feet to the south side of the Turnpike road, thence up the south side of the 'Turnpike road' two hundred and sixty-four feet to the east side of the before mentioned cross street, running immediately west of the said Drew's lots, thence with the east side of the last mentioned cross street, three hundred feet to the north side of a continuation of G, or Capitol street, thence down the north side of G or Capitol street, two hundred and sixty-four feet to the beginning."

By several intermediate conveyances, the south side of the "Turnpike road," which is now Broad street, is in somewhat varying terms recognized as the northern boundary of this lot; and by deed from Thos. N. Carter, special commissioner of the Chancery Court of the city of Richmond, in the suit of *Marshall* v. *Jenkins,* this lot was conveyed to Frances Bellenot. In the last mentioned deed the lot is described as, "Beginning at a point distant one hundred and one (101) feet west from the southwest intersection of Broad and Monroe streets, running thence westwardly along the southern line of Broad street, fronting thereon thirty-one (31) feet, and extending back southwardly between parallel lines one hundred and thirty-seven (137) feet to an alley in common  *  *  *  feet wide, being the same piece of property described in the proceedings of the said suit." And by deed of October 12, 1905, Frances Bellenot conveyed this lot of land to M. L. Bellenot, the plaintiff in error, the description following that in the deed from Thos. N. Carter, special commissioner.

The evidence shows that Broad street where this property abuts upon it, and for some distance to the east and west, has a width of 118 feet; that it has been used as a public highway

for almost a century, that the full quantity of land purchased by plaintiff in error is embraced within her deed, exclusive of the parcel of land claimed by the city—in other words, that the description in the deed from Rutherford and wife to Harris, of three hundred feet to the south side of the "Turnpike road," is satisfied without including the property in question. And the same is true of all the deeds under which plaintiff in error claims. She will hold and retain every inch of the land which appears to be hers under her chain of title without including the parcel of land which is now in controversy.

There is evidence which shows that upon the northern boundary of her property, seven inches south of what is claimed by the city to be the true south line of Broad street, there are the remains of the wall of a building which stood upon the property a good many years since; and that the land described in the declaration was for a long time used and occupied as, what is called in the record, an "area-way," which seems to have been the means of approach to the first story and also to the basement of the building referred to.

We are of opinion that the evidence thus far discussed satisfies the recital in the instruction with respect to dedication. As to acceptance, there is no room for doubt. It is shown, not only by long public use of Broad street, but by an extract from the records of the county court of Henrico county, which shows that on the 3rd of September, 1810, that court ordered that "it be certified that it appears to the satisfaction of this court, that the last quarter of the Richmond Turnpike road is completed according to law, and that the directors of the said road are authorized to receive full tollage for traveling the same."

We are, therefore, of opinion that there was evidence before the jury which tended to prove the facts upon which the instruction was predicated.

Counsel for plaintiff in error relies upon *Poe, Trustee,* v. *City of Richmond,* 24 Gratt. 149. That was a suit in equity, in which the court held that there was no sufficient proof of the

dedication of the street; and, of course, the necessary result from that finding was adverse to the right of the city to recover. So far as that case holds that the statute of limitations constitutes a bar to the right of the city to recover, it is in conflict with the current of authority in this State. See *Buntin* v. *Danville, supra,* where it is said: "Nor does it matter how long a time the porch or veranda so hung over the ground or obstructed it. No title by adverse possession could be acquired to it. Time does not run against the State, nor bar the right of the public." Citing *Taylor's Case,* 29 Gratt. 780; *Norfolk* v. *Chamberlain,* 29 Gratt. 534; *Yates* v. *Warrenton,* 84 Va. 337, 4 S. E. 818, 10 Am. St. Rep. 860.

We are of opinion that there is no error in the judgment of the circuit court, which is affirmed.

*Affirmed.*