COMMONWEALTH OF VIRGINIA

V.

OWENS-CORNING FIBERGLAS CORPORATION, ET AL.

Record No. 880533

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, JJ., and Poff, Senior Justice, and Cochran, Retired Justice

William H. Hauser, Senior Assistant Attorney General (Mary Sue Terry, Attorney General; Stephen D. Rosenthal, Deputy Attorney General; Calvin F. Tiller, Assistant Attorney General; Fred R. Kozak, Assistant Attorney General, on briefs), for appellant.

Keith D. Boyette (Charles F. Witthoefft; Paul A. Simpson; Hirschler, Fleischer, Weinberg, Cox & Allen, on brief), for appellees.

Justice Russell delivered the opinion of the Court.

In this appeal, we consider whether, as the trial court ruled, Code § 8.01-250,[1] a statute of repose, operates against the Commonwealth. The facts relevant to that question are not in dispute.

The Commonwealth filed suit on February 26, 1985, seeking to recover the costs of abating the hazard of building materials containing asbestos that were installed in 1,016 public buildings and facilities located throughout the Commonwealth. Claiming compensatory damages of $24,752,274, and punitive damages of $25,000,000, the Commonwealth named Owens-Corning Fiberglas Corporation and 34 others as defendants.

The defendants filed responsive pleadings and certain special pleas. Included was a motion for summary judgment invoking the provisions of Code § 8.01-250. In order to facilitate determination of that motion, the parties stipulated that all the asbestos materials had been installed in the buildings during construction that had been completed more than five years before the Commonwealth filed its suit.

In a letter opinion, the trial court ruled that "since the statute in question is one of repose and not limitations, . . . the plaintiff is barred from maintaining the suit," that the defendants' motion

---

[1] In pertinent part, that statute provides:

No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

was "well taken," and that the defendants were entitled to summary judgment. In a motion to reconsider, the Commonwealth complained that the trial court had not determined whether the sovereign is exempt from the statute of repose and, if not, whether the statute offends constitutional guarantees. Denying the motion for reconsideration, the trial court entered final judgment dismissing the motion for judgment, and we granted the Commonwealth an appeal.[2]

■ The trial court rested its rulings on our decision in *School Bd. of the City of Norfolk* v. *U.S. Gypsum*, 234 Va. 32, 360 S.E.2d 325 (1987). There, we held that Code § 8.01-250 is a statute of repose and that, unlike a "pure" statute of limitations that merely bars the maintenance of a remedy, the statute of repose bars the remedy *and* extinguishes the underlying cause of action. The exemption from suit accorded those named in the statute is a substantive right protected by the due process clause of the Constitution of Virginia, Article I, Section 11.

In overruling the motion to reconsider, the trial court necessarily rejected the contention that the Commonwealth is exempt from the operation of Code § 8.01-250. That question was not raised in *U.S. Gypsum*, and we consider it now as a matter of first impression.

■ We begin with an analysis of the three distinct types of statutory enactments aimed at precluding litigation of stale claims. First, and most familiar, are procedural or "pure" statutes of limitation. These serve merely to time-restrict the assertion of a remedy. They furnish an affirmative defense and are waived if not pleaded. Second are substantive or "special" statutes of limitation.

---

[2] The following 13 defendants are those named by the Commonwealth as appellees:
OWENS-CORNING FIBERGLAS CORPORATION
ARMSTRONG WORLD INDUSTRIES, INC.
NATIONAL GYPSUM COMPANY
THE CELOTEX CORPORATION
EAGLE-PICHER INDUSTRIES, INC.
THE FLINTKOTE COMPANY
G.A.F. CORPORATION
KEENE CORPORATION
OWENS-ILLINOIS, INC.
UNITED STATES GYPSUM COMPANY
W.R. GRACE & COMPANY
NICOLET INDUSTRIES, INC.
U.S. MINERAL PRODUCTS COMPANY

They are ordinarily contained in statutes which create a new right and become elements of that newly-created right, restricting its availability. Compliance with such a statute is a condition precedent to maintenance of a claim. *Barksdale* v. *H.O. Engen, Inc.*, 218 Va. 496, 498, 237 S.E.2d 794, 796 (1977). Third, and particularly pertinent here, are statutes of repose. The time limitations of such statutes begin to run from some legislatively selected point in time which is unrelated to the accrual of any cause of action or right of action, whether accrued or yet to accrue. Such statutes reflect a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for his past acts and omissions. *U.S. Gypsum*, 234 Va. at 37, 360 S.E.2d at 327-28.

■ With respect to the first category, it has been a part of the common law from time immemorial that the statute of limitations does not run against the sovereign. *Nullum tempus occurrit regi* is a rule that applies to the Commonwealth as it did to the Crown. *Taylor & als' Case*, 70 Va. (29 Gratt.) 780, 794 (1878). Further, the General Assembly has codified the rule in Code § 8.01-231, which provides:

No statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same. This section shall not, however, apply to agencies of the Commonwealth incorporated for charitable or educational purposes.[3]

■ In *Commonwealth* v. *Spotsylvania*, 225 Va. 492, 495, 303 S.E.2d 887, 889-90 (1983), we held that Code § 8.01-231, which makes no distinction between "pure" and "special" statutes of limitation, applies to the second category, above, as well as to the first. The Commonwealth now argues that Code § 8.01-231, or the principle it codifies, should also apply to the third category,

---

[3] The General Assembly deleted the second sentence of this statute by Acts 1988, c. 544. It was because this statute still contained the distinction between the Commonwealth and educational agencies when suit was filed in *U.S. Gypsum* (June 27, 1986) that the plaintiff in that case invoked Code § 8.01-250.1 (as amended by Acts 1986, c. 458) rather than Code § 8.01-231.

for the same public policy reasons as those which support the common-law rule.

 We do not agree. Ours is a government whose powers are limited by the Constitution. Where statutory enactments and common-law rules come into conflict with constitutional principles, the latter must prevail. We decided, in *U.S. Gypsum*, that after the statute of repose, Code § 8.01-250, had run, the potential defendants in that case had acquired substantive rights which the legislature could not constitutionally impair. More recently, in *Roller v. Basic Construction Co.*, 238 Va. 321, 384 S.E.2d 323 (1989), we noted that when a statute of repose has run on a tort claim, all causes of action are extinguished, "creating a *substantive right of repose* in the potential defendants" which the legislature may not abridge. *Id*. at 321, 384 S.E.2d at 323 (emphasis added).

The Commonwealth argues that although rights of repose might accrue to potential defendants if sued by another plaintiff, such rights could never accrue against the Commonwealth because it was a potential plaintiff which had always been immune from any limitation bars. Thus, the argument runs, a potential defendant is always exposed to suit at the hands of the sovereign and any constitutionally protected rights of repose which may attach because of the lapse of time are always limited by, and subject to, that risk.

 We do not agree. The Commonwealth's argument treats this classic collision between a constitutionally protected right and a statutory power as one in which the statute, or the common-law maxim it codifies, must prevail. That result is repugnant to the bedrock principles of constitutional government.

 The ancient common-law rule *nullum tempus occurrit regi* remains generally accepted as to traditional procedural statutes of limitations. Authorities in other jurisdictions are divided upon the question whether the rule applies also to substantive, or special limitations, but, as noted above, we held, in *Spotsylvania*, that its statutory counterpart does so apply. Nevertheless, the effect of Code § 8.01-231, by its own terms, is limited to "statute[s] of limitations." As we held in *U.S. Gypsum*, Code § 8.01-250 is *not* a statute of limitations, but a statute of repose, something "in fact, different in concept, definition, and function." 234 Va. at 37, 360 S.E.2d at 327. For both of the foregoing reasons, we hold that constitutionally protected "substantive rights of repose" accrued

to the potential defendants in this case when the five-year period prescribed by Code § 8.01-250 had run.

In an alternative argument, the Commonwealth asserts that if it is not exempt from the operation of Code § 8.01-250, that section is unconstitutional as applied under the facts of this case. The argument is premised upon the assertion that asbestos is an inherently dangerous material and that the General Assembly, in enacting the statute of repose, had no rational basis for extending its protection to manufacturers of such materials; thus, the classification made by the statute is not rationally related to its legislative purpose.

We held, in *Cape Henry v. Natl. Gypsum*, 229 Va. 596, 602, 331 S.E.2d 476, 480 (1985), that the legislature intended that Code § 8.01-250 benefit manufacturers of ordinary building materials, as opposed to manufacturers of machinery and equipment. It is beyond dispute that during the years asbestos was being installed in the buildings involved in this case, it was, unfortunately, an ordinary building material. The Commonwealth's argument in this regard amounts only to an assertion of legislative unwisdom.

The Commonwealth finally argues that its rights of action had accrued and were fully vested before Code § 8.01-250 was enacted in its original form in 1964[4] and that the statute cannot be "applied retroactively" to cut off those vested rights. When the statute was enacted in 1964, the Commonwealth's rights of action were of necessity divided into two categories: those pertaining to buildings completed less than five years prior to the July 1, 1964 effective date of the statute, and those completed earlier. With respect to the first category, the Commonwealth had an ongoing opportunity to file suit which did not expire until five years after completion of the work. With respect to the second category, the Commonwealth was under the necessity of bringing its suit between the time of legislative enactment and the date the legislation became effective. Such a "window of opportunity," even one as brief as 30 days, is ordinarily sufficient to satisfy due-process requirements when a newly-created time bar is applied to existing causes of action and accrued rights of action. We expressly so held in *Allen v. Mottley Construction Co.*, 160 Va. 875,

---

[4] For a brief discussion of the legislative history of Code § 8.01-250, see *Cape Henry*, 229 Va. at 599-602, 331 S.E.2d at 478-80.

170 S.E. 412 (1933). Therefore, the enactment of Code § 8.01-250 did not impair any constitutionally protected rights belonging to the Commonwealth. We hold that the statute is not unconstitutional as applied in the circumstances of this case.[5]

For the foregoing reasons, the judgment will be

*Affirmed.*

Senior Justice Poff, with whom Chief Justice Carrico and Justice Whiting join, dissenting.

Because the majority has construed the holding in *Commonwealth v. Spotslyvania*, 225 Va. 492, 303 S.E.2d 887 (1983), too narrowly, I must dissent.

The trial court, relying upon our decision in *School Bd. of the City of Norfolk v. U.S. Gypsum*, 234 Va. 32, 360 S.E.2d 325 (1987), implicitly ruled that *U.S. Gypsum* required it to reject the Commonwealth's argument that the sovereign is exempt from the operation of Code § 8.01-250. As the majority acknowledges, however, "[t]hat question was not raised in *U.S. Gypsum*", and it is before us now "as a matter of first impression." Unfortunately, the majority, although travelling a different route, reaches the same destination as the trial court. I think the Commonwealth is exempt.

At the outset, the Court must look to the common law. Statutes of general application ordinarily do not apply to the sovereign.

> In general, legislative acts are intended to regulate the acts and rights of citizens; and it is a rule of construction not to embrace the government or effect [sic] its rights by the general rules of a statute, unless it be expressly and in terms included or by necessary and unavoidable implication.

*Levasser v. Washburn*, 52 Va. (11 Gratt.) 572, 577 (1854) (citation omitted).

> It is old and familiar law, and is applicable to the *state* as well as the crown, at common law, that where a statute is

---

[5] We expressly refrain from deciding whether a statute of repose is constitutional as applied to a case in which it operates to extinguish a cause of action before a right of action could accrue to a plaintiff. Those facts are not before us.

general, and any prerogative, right, title or interest is diverted or taken from the king, in such case, the king shall not be bound unless the statute is made by express words or necessary implication to extend to him.

*Whiteacre, sheriff* v. *Rector & wife,* 70 Va. (29 Gratt.) 714, 716 (1878) (emphasis in original) (citation omitted).

We have applied this basic rule not only to *statutes* of general application, *see e.g., Deal* v. *Commonwealth,* 224 Va. 618, 620, 299 S.E.2d 346, 347 (1983) (arbitration); *Va. Hot Springs Co.* v. *Lowman,* 126 Va 424, 432, 101 S.E. 326, 329 (1919) (adverse possession); *Bellenot* v. *Richmond,* 108 Va. 314, 319, 61 S.E. 785, 786 (1908) (adverse possession), but also to *constitutional* provisions, *see Whiteacre, sheriff* v. *Rector & wife, supra,* (homestead exemption); *accord Commonwealth* v. *Ford,* 70 Va. (29 Gratt.) 683 (1878).

One example of statutes of general application is the procedural statute of limitations, sometimes called a "pure" statute of limitations. As to the time restrictions in such statutes, the corollary rule consistently applied in this jurisdiction is defined in simple terms. "Time does not run against the State, nor bar the right of the public." *Buntin* v. *Danville,* 93 Va. 200, 208, 24 S.E. 830, 832 (1896). "*Nullum tempus occurrit regi,* applies in this state to the Commonwealth, as it does in England to the king."[1] *Taylor & als' Case,* 70 Va. (29 Gratt.) 780, 794 (1878). "[T]he statute of limitations does not run against the state unless expressly mentioned." *Va. Hot Spring Co.* v. *Lowman,* 126 Va. at 432, 101 S.E. at 329.

In addition to the common law, the Court must consider Code § 8.01-231, the statute exempting the Commonwealth from time limitations. This statute has a history of more than 200 years, beginning "soon after the revolution . . . by the act of October, 1778, c.2 s.4. [where] it is declared that 'no time shall bar the Commonwealth of execution.'" *Nimmo's Executor* v. *Commonwealth,* 14 Va. (4 Hen. & M.) 57, 79 (1809). As written when the suit at bar was filed, Code § 8.01-231 provided as follows:

---

[1] For an analysis of the origin, evolution, and modern rationale of this component of the doctrine of sovereign immunity, see *Guaranty Trust Co.* v. *United States,* 304 U.S. 126, 132-33 (1938).

No statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same. This section shall not, however, apply to agencies of the Commonwealth incorporated for charitable or educational purposes.

In *Commonwealth* v. *Spotsylvania*, 225 Va. 492, 303 S.E.2d 887 (1983), we were required to determine the scope of the exemption accorded the Commonwealth by that statute. There, the Commonwealth brought suit demanding reimbursement of funds it had advanced to the Spotsylvania Board of Supervisors. Citing § 15.1-552, the Board demurred on the ground that the Commonwealth did not file suit within six months of the date the Board disallowed its claim. The trial court ruled that Code § 15.1-552 ran against the Commonwealth. That statute provided:

When a claim of any person against a county is disallowed . . . by the board of supervisors . . . such person . . . may appeal from the decision of the board to the circuit court . . . but in no case shall the appeal be taken after the lapse of six months from the date of the decision . . . .

The right of judicial review of claims disallowed by counties was a right newly created by the original ancestor of § 15.1-552, and the time limitation was an element of the new right. In other words, this was a statute which

makes the limitation of time inhere in the right or obligation rather than the remedy. It is sometimes referred to as a statute of nonclaim, and, strictly speaking, is not a statute of limitations . . . . Illustrations of nonclaim statutes . . . are those providing for liens of laborers and materialmen, claims against estates of deceased persons, and claims for damages against municipal corporations.

*Lane* v. *Department of Labor and Industries*, 21 Wash.2d 420, 425, 151 P.2d 440, 443 (1944).

Construing Code § 8.01-231, we said that the exemption it defines "is absolute and unqualified. It makes no distinction between so-called 'pure' statutes of limitation (those which time-restrict the availability of a remedy) and 'special' limitations (those prescribed by statute as an element of a newly-created right). Hence,

whether the time limitation . . . is 'special' and 'jurisdictional' [*i.e.* substantive], as the Board contends, or merely procedural, it does not operate as 'a bar to any proceeding by or on behalf of the [Commonwealth]'." *Spotsylvania*, 225 Va. at 495, 303 S.E.2d at 889-90 (footnotes omitted). This language was not *dicta*; it was central to the *ratio decidendi*. Reversing the judgment of the court below, we held that the time limitation in § 15.1-552, the nonclaim or "special" statute, did not run against the sovereign, *i.e.*, that the Commonwealth was "not a 'person' subject to the time limitation in issue". *Id.* at 495, 303 S.E.2d at 890.

Although Code § 8.01-250 is a statute of repose, statutes of repose and nonclaim statutes are essentially the same in function and effect. The effect of both is to create a substantive right in potential defendants, immunizing them from suits once the applicable time period has run. They are different only in that the typical nonclaim statute creates a *new right of action* and imposes a time limitation as an element of that right, while, generally, a statute of repose creates a right of exemption from enforcement of an *existing right of action* and imposes a time limitation as an element of that exemption.

The majority suggests no principled distinction between statutes of repose like Code § 8.01-250 and nonclaim statutes such as § 15.1-552, and I see none. Consequently, under both the common-law rule and Code § 8.01-231 as we construed and applied it in *Spotsylvania*, the time limitation in Code § 8.01-250 does not run against the Commonwealth.[2] In my opinion, the Commonwealth is exempt from the exemption accorded those named in Code § 8.01-250.

But, the defendants complain, this Court held in *U.S. Gypsum* that their exemption is a substantive right protected by the constitutional guarantee of due process.[3] They argue, and the majority

---

[2] *See District of Columbia* v. *Owens Corning, Fiberglas Corp.*, 563 A.2d ____ (D.C. 1989); *State* v. *Crommett*, 116 A.2d 614 (Me. 1955); *In re Bogert's Will*, 64 N.M. 438, 329 P.2d 1023 (1958); *State Department of Public Welfare* v. *O'Brien*, 292 S.W.2d 733 (Tenn. 1956); 34 ALR2d 1003, 1010 (1954 Supp. 1989); *see also United States* v. *Summerlin*, 310 U.S. 414, 416-17 (1940).

[3] The majority contends that this case includes a "classic collision between a constitutionally protected right and a statutory power" and that, under the "bedrock principles of constitutional government", the constitutionally protected right must prevail. Certainly, this is true when a statute conflicts with a right created by constitutional mandate. However, where, as here, the conflict is one between the substantive right created by Code § 8.01-250 and the right of sovereign immunity from time constraints, the former prevails

is persuaded, that just as they cannot be deprived wholly of their right by retroactive application of a subsequent statute, they cannot be deprived of their right partially by the exemption claimed by the Commonwealth.

As explained by the Supreme Court in *Guaranty Trust Co.* v. *United States*, 304 U.S. 126, 132 (1938), quoting Story, J., in *United States* v. *Hoar*, 26 Fed. Cas. 329, 330 (C.C.D. Mass. 1821) (No. 15,373), the modern reason underlying the common-law rule granting the sovereign exemption from statutory time constraints is "the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers. And though this is sometimes called· a prerogative right, it is in fact nothing more than a reservation, or exception, introduced for the public benefit, and isequally applicable to all governments."

In 1964 when the General Assembly enacted Code § 8-24.2, the predecessor of Code § 8.01-250, such a "reservation, or exception" had been part of the statutory and common law in Virginia for more than two centuries. The legislature, charged with knowledge of that fact, could have included a provision modifying or repealing the common-law rule. It did not do so, and the omission cannot be attributed to oversight. Hence, insofar as applied to the Commonwealth, the new substantive rights created by the statute of repose never came into existence. And, absent relevant legislative amendment in the quarter of a century since the statute of repose was enacted, the Commonwealth's exemption should prevail today.

Because I think the trial court erred in ruling that Code § 8.01-250 operates against the sovereign, I would reverse the judgment and remand the case to the trial court for further proceedings.

---

only if the statute which created it so provides, expressly or by necessary implication. A statutorily-created right necessarily is defined by reference to the body of statutory and common law existing at the time the right is created.