**Thuyen Hoang DINH, Plaintiff–Appellant,**

v.

**RUST INTERNATIONAL CORPORA-TION, Member Of The Henley Group; FMC Corporation, Defendants–Appellees.**

No. 92–1069.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1992.

Decided Sept. 1, 1992.

Christopher Paul Schewe, Alexandria, Va., argued for plaintiff-appellant.

Harry M. Johnson, III, Hunton & Williams, Richmond, Va., argued (Lewis F. Powell, III, John C. Thomas, Hunton & Williams, on the brief for defendant-appellee FMC.

Edwin Ford Stephens, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., argued (Michael W. Smith, Mary M. Grove, Christian, Barton, Epps, Brent & Chappell, on the brief for defendant-appellee Rust.

Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and LEGG, United States District Judge for the District of Maryland, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

Thuyen Hoang Dinh appeals the order granting summary judgment to Rust International Corporation and FMC Corporation on his claim for damages for injuries received in an industrial accident. We affirm.

### I.

In November 1989, while working at a brickyard in Virginia, Dinh's leg became entangled in the pulley portion of a conveyor. He suffered severe injuries and his leg had to be amputated. In 1991, he sued the companies responsible for designing, manufacturing, and installing the conveyor.

The conveyor, a 13,000–pound machine secured to the factory floor with heavy bolts, was installed when the factory was built in 1959. In 1964, Virginia enacted a statute of repose limiting actions for injuries caused by "improvements to real property:"

No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property

... shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction.

Acts 1964 c. 333.

In 1972, we affirmed a district court decision that held that the statute (referred to by the district court as a "statute of limitation") applied to a large (4,500 pound) machine affixed to a factory floor with bolts. *Wiggins v. Proctor & Schwartz*, 330 F.Supp. 350 (E.D.Va.1971), *aff'd*, No. 71–1952 (4th Cir. May 8, 1972) (unpublished). In 1973, the Virginia legislature amended the statute to exclude manufacturers or suppliers of machinery installed on real property: "The limitation in this section shall not apply to the manufacturer or supplier of any equipment or machinery or other articles installed in or become part of any real property either as an improvement or otherwise...." Acts 1973, c. 247. This action was taken "for the apparent purpose of changing the rule in *Wiggins*...." *Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596, 331 S.E.2d 476, 479 (Va.1985); *see also, Hupman v. Cook*, 640 F.2d 497 (4th Cir.1981) (characterizing the 1973 amendment as "an emergency measure" to counter *Wiggins*). In a recodification four years later, the current version of this section was enacted. It excludes "the manufacturer or supplier of any equipment or machinery or other articles installed in a structure upon real property" from the statute's limitation. Acts 1977, c. 617 (codified at Va.Code Ann. § 8.01–250 (Michie's 1992 Repl.Vol.)).

The district court granted summary judgment to the defendants on all of Dinh's claims. In a ruling from the bench, the district court reasoned that the 1964 statute applied to the conveyor and that the designer and manufacturer of the conveyor obtained *vested* rights of repose prior to enactment of the 1973 amendment. Dinh appeals.

## II.

Dinh does not contend that the 1964 statute does not apply to the type of machine that caused his injury. He also does not argue for a retroactive application of the 1973/1977 amendments, and he agrees that the statute of repose creates *substantive* rights in potential defendants, which, once vested, may not be legislatively destroyed. *See School Bd. of City of Norfolk v. U.S. Gypsum Co.*, 234 Va. 32, 360 S.E.2d 325 (1987) (declaring unconstitutional a 1986 statute that revived claims against asbestos manufacturers that had expired under the statute of repose). Dinh's sole argument is that the defendants never obtained the rights bestowed by the statute.

## III.

Dinh frames the issue: Does the 1964 statute apply to improvements completed prior to the enactment of the statute? His argument that the statute does not apply proceeds as follows: The statute of repose granted a new substantive right to certain persons, *e.g.*, manufacturers of conveyors, and the usual rule under these circumstances, codified at Va.Code Ann. § 1–16 (Michie's 1979 Repl.Vol.), is that no new law shall affect "any right accrued[ ] or claim arising before the new law takes effect...." We reject Dinh's argument because it rests on the untenable premise that the state is powerless to prospectively redefine or even extinguish a common law cause of action.

In *Commonwealth v. Owens–Corning Fiberglass Corp.*, 238 Va. 595, 385 S.E.2d 865 (1989), the court was faced with the question of how the statute of repose affected claims against suppliers of materials containing asbestos that were incorporated into buildings prior to the effective date of the 1964 statute. The plaintiff in *Owens–Corning* argued that the 1964 statute could not be " 'applied retroactively' to cut off [the plaintiff's] vested rights," but the court acknowledged that even pre-enactment events fell within the statute's ambit as long as the holders of *accrued* causes of action (which had arisen upon the installa-

tion of the materials) had a constitutionally-adequate opportunity to file suit. *Id.* 385 S.E.2d at 869.* *Owens–Corning* refutes Dinh's contention that the statute does not apply to buildings completed prior to the effective date of the statute.

■ Dinh attempts to distinguish *Owens–Corning* by pointing out that the court "expressly refrain[ed] from deciding whether a statute of repose is constitutional as applied to a case on which it operates to extinguish a cause of action before a right of action could accrue to a plaintiff." *Id.* at 869 n. 5. Unfortunately for Dinh, this constitutional question was soon answered adversely to his position.

In *Hess v. Snyder Hunt Corp.*, 240 Va. 49, 392 S.E.2d 817 (1990), plaintiffs were injured in 1985 when a balcony collapsed under them. The building containing the balcony had been completed more than five years earlier. The claims against the builder were dismissed pursuant to Va.Code Ann. § 8.01–250, and the plaintiffs argued that they were denied due process because the statute of repose extinguished their cause of action before the cause of action had accrued. The court ruled that nothing in the due process clauses of the federal or state constitutions prevents the prospective abolition of common law causes of action. *Id.* 392 S.E.2d at 821. In other words, there is no federal or state constitutional right to the continued existence of common law causes of action. As soon as two events occurred—five years passed, and, the 1964 statute became effective—no cause of action existed against Rust and FMC relative to the design, manufacture and installation of the particular conveyor at Dinh's workplace. *See U.S. Gypsum Co.*, 360 S.E.2d at 325 ("The time limitation in [a statute of repose] begins to run from the occurrence of an event unrelated to the accrual of a cause of action, and the expiration of the time extinguishes not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued."). No right

of Dinh was impaired, because no right ever came into being. Therefore, the district court's grant of summary judgment was proper.

*AFFIRMED.*

---

* Where the five years had already run by the time of the statute's enactment, the court found that the thirty-day "window of opportunity" between enactment and the effective date was constitutionally adequate. *Id.*