## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Taverna, Inc.

v.

Industrial Steam Cleaning, Inc.

### Case No. (Law) CL940011

BY JUDGE ALFRED D. SWERSKY

### February 15, 1995

Judgment will be entered against Defendant James R. Harris, Inc., in the amount of $42,418.42.

Defendant James R. Harris claims that recovery is barred by the limitation found in Code of Virginia, § 8.01-250. However, Harris is in default, and its answer was stricken. Harris argues that the limitation found in this statute of repose is a defense as a matter of law and need not be pleaded. Defendant relies on *Commonwealth of Virginia v. Owens-Corning*, 238 Va. 595 (1989), for the proposition that this statute creates constitutionally protected rights and "goes to the very jurisdictional heart of the claim . . . ."

The failure of the Defendant to timely plead its rights under the statute preclude it from raising this argument as a defense.

This Code section does not set up a jurisdictional defense to Plaintiff's claim. If the legislature had intended the anomalous result that a Defendant could raise this defense at any time without it being pleaded, it could have specifically made this a jurisdictional matter. Since it did not do so, such an anomalous result could not have been intended. See Code of Virginia, § 8.01-235.

Judgment will be entered accordingly with interest at the legal rate from the date of the trial of this case.

### February 27, 1995

The Court has reconsidered, *sua sponte*, its opinion in this matter dated February 15, 1995. At my request, counsel took no action on the opinion

to give the Court time to re-examine the authorities relied on by both parties. The Court will grant judgment in favor of the Defendant on its motion to strike renewed at the conclusion of the evidence.

Based on the majority opinions in *School Board of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32 (1987), and *Commonwealth v. Owens-Corning*, 238 Va. 595 (1989), the defense of the statute of repose found in Code of Virginia, § 8.01-250 need not be specifically pleaded by a defendant. The effect of these opinions is to extinguish all rights of a plaintiff and to grant a defendant immunity from liability. See, *School Board, supra* at pp. 37-38; see also, *School Board, supra* at p. 52 (dissenting opinion, in which Justice Whiting states the effect of the majority opinion is to create a jurisdictional bar which need not be pleaded.) The dissent in *School Board* refers to *Cheswold Volunteer Fire Co. v. Lambertson Construction Co.*, 489 A.2d 413 (Del. 1984), which held that a statute of repose need not be affirmatively pleaded because it created an issue of subject matter jurisdiction.

Since the effect of § 8.01-250 is to create immunity for the defendant, the Court rules that Harris, Inc., a defendant in default, can raise the bar of the statute as a defense.

The evidence reveals that Defendant purchased and installed equipment such as a hood and fan but designed and fabricated the duct work from raw materials that required custom design work. While it followed the plans that had been drawn, Harris, Inc., comes within the purview of the statute as one who has performed or furnished the "design, planning, surveying, supervision of construction, or construction" of the improvement. The Court also notes that Harris' work was done some twenty years before the fire that caused the damage.