# CIRCUIT COURT OF THE CITY OF ROANOKE

Liberty Nursing Home, Inc.,
Beverly Enterprises, Inc.,
and William J. Lemon

v.

Director, Virginia Department
of Medical Assistance Services

June 9, 1998

Case No. CL97-829

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiffs, Liberty Nursing Home, Inc., *et al.*, contracted with the Commonwealth of Virginia through the Virginia Medical Assistance Program, now Virginia Medical Assistance Services, the Defendant in this administrative appeal, to provide nursing home services to Medicaid patients commencing in late 1979. On July 19, 1990, the Defendant notified the Plaintiffs that it had overpaid them approximately one million dollars since 1979 and was seeking reimbursement. This determination of overpayment was based on a reimbursement/payment formula which the Plaintiffs dispute. A statutory informal fact-finding conference found in favor of the Defendant. The Plaintiffs, not consenting to that decision, requested a formal *de novo* hearing pursuant to Va. Code § 9-6.14:12. The hearing officer made findings of fact and law consistent with the Plaintiff's position, which the Director of the agency reversed. Plaintiffs' appeal of that decision, as well as the construction and application of the time limitations contained in § 32.1-325.1:1(B) is now before this Court for review. The Court vacates and remands the Director's factual determination and reverses his ruling on the statute of limitations.

## The Director's Findings of Fact

"[T]he circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." *School Board of York County v. Nicely*, 12 Va. App. 1051 (1991). The agency findings of fact are to be accorded great deference under the substantial evidence standard of review. *J.P. v. Carter*, 24 Va. App. 707 (1997). A "reviewing court may reject an agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Johnston-Willis v. Kenley*, 6 Va. App. 231 (1988). Judicial interference is allowed in these cases "only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion." *Environmental Defense Fund, Inc. v. Virginia State Water Control Bd.*, 15 Va. App. 271 (1992). However, "even though an agency's finding of fact may be supported by substantial evidence in the record, it may be subject to reversal because the agency failed to observe required procedures or to comply with statutory authority." *Johnston-Willis, supra* at 243.

In this case, the great deference accorded the agency Director's findings of fact has been nullified by the Director's failure to comply with statutory authority. The agency did not give deference as required by § 9-6.14:12 to the findings by the presiding hearing officer, even though they were explicitly based on the demeanor of witnesses. Instead, the agency arbitrarily and capriciously rejected all of the findings of fact and recommendations of the hearing officer, on the grounds that "he fundamentally misconstrued and misunderstood the procedural stature of an administrative appeal." This determination by the agency Director was based on the Director's belief that the deference afforded the agency's prior interpretation of its own rules and regulations was and is absolute and overcomes any evidence to the contrary.

If that were the case, there would be no need for the administrative appeal process. This deference is not absolute but is instead a starting point. It is because of this due regard for the findings of the agency in its day-to-day interpretation of facts and rules that agency rulings are presumed to be correct. This presumption of correctness is the reason the burden is on the Plaintiff to prove that the agency decision, which was initially appealed to the Director, was wrong. Such a presumption of correctness, however, is not sufficient to overcome the hearing officer's findings of fact. If the Director alters those findings of facts, any such alteration must contain specific and adequate reasons for determining the credibility of the witnesses differently than that found by the hearing officer. The findings of the hearing officer

must be given deference and should be sustained, unless plainly wrong and not supported by the evidence. *Jamison v. Jamison*, 3 Va. App. 644 (1987). Accordingly, the Director's findings of fact are vacated, and this matter is remanded for a new factual determination in keeping with this opinion.

### Statute of Limitations

The Defendant argues that (1) § 32.1-325.1:1 does not contain a statute of limitations; (2) that the word "shall" in the statute is not mandatory but is merely directory; (3) that the language dealing with a time limitation actually has no meaning; (4) that if this code section does contain a statute of limitation, the general rule is that it will not run against the Commonwealth as its language is not express; (5) and finally, if it is a statute of limitations, to apply it in this case would constitute an impermissive retroactive application. The Plaintiff claims that the statute contains a four-year statute of limitations that is binding on the Commonwealth. That portion of § 32.1-235.1:1, the meaning of which the parties cannot agree upon, is:

> B. The Director of Medical Assistance Services shall collect by any means available to him at law any amount owed to the Commonwealth because of overpayment for medical assistance services. Upon making an initial determination that an overpayment has been made to the provider pursuant to § 32-1.325.1, the Director shall notify the provider of the amount of the overpayment. *Such initial determination shall be made within the earlier of (i) four years, or* (ii) fifteen months after filing of the final cost report by the provider subsequent to the sale of the facility or termination of the provider.

(Emphasis added.)

The specific part of the statute which is in dispute is the italicized phrase. The Court finds that the Commonwealth is limited by this language, but for a different reason and in a different manner than that which the parties have argued.

The Court believes that "[t]he statute must have meant something or it would not have been enacted. We must assume that the legislature did not intend to do a vain and useless thing." *Williams v. Commonwealth*, 190 Va. 280, 293 (1949). "It is a well-established rule of construction that a statute ought to be interpreted in such a manner that it may have effect and not found to be vain and elusive. Every interpretation that leads to an absurdity ought to be rejected. It is our duty to give effect to the wording of the statute and allow

the legislative intention to be followed." *Barnett v. D. L. Bromwell, Inc.*, 6 Va. App. 30, 34 (1988). However, "[t]hat which is plain needs no interpretation. When a statute is not vague, uncertain or ambiguous, but clear, the Court may not consider the intent of the legislature or the wisdom of law. The Court must apply the legislative acts as written and may not rewrite or correct them ... ." *General Accident Fire & Life Assurance Corp. v. Aetna*, 208 Va. 467 (1968). "If a statute is clear and unambiguous, a Court will give the statute its plain meaning." *Loudoun County Dep't of Social Servs. v. Etzold*, 245 Va. 80, 85 (1993). The word in § 32.1-325.1:1 which seems to give the parties the most trouble is "shall." It is defined as being a word that when used in statutes, contracts, or the like, is generally imperative or mandatory. Since the time limitation of § 32.1-325.1:1 is therefore obviously mandatory, it is only necessary to determine how to apply it.

The application of the four-year term mandated by § 32.1-325.1:1 is governed by the law contained in *Commonwealth v. Owens-Corning Fiberglas Corp.*, 238 Va. 595, 598 (1989). In that case, the Court, in determining whether a statute of limitations applied to the Commonwealth, said:

> We begin with an analysis of the three distinct types of statutory enactments aimed at precluding litigation of stale claims. First, and most familiar, are procedural or "pure" statutes of limitation. These serve merely to time-restrict the assertion of a remedy. They furnish an affirmative defense and are waived if not pleaded. Second are substantive or "special" statutes of limitation. They are ordinarily contained in statutes which create a new right and restrict its availability. Compliance with such a statute is a condition precedent to maintenance of a claim. Third, and particularly pertinent here, are statutes of repose. The time limitations of such statutes begin to run from some legislatively-selected point in time which is unrelated to the accrual of the cause of action or right of action, whether accrued or yet to accrue. Such statutes reflect a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for his past acts and omissions.

[Citations omitted.] The only question to be resolved at this stage is which of the above three definitions of limiting type statutes applies to the facts of this case.

The general rule that a pure or procedural statute of limitations is not binding on the Commonwealth unless the Code section expressly makes it so applies in this case. Since the four-year limiting language of the statute must

mean something and it does not expressly bind the Commonwealth, it is obviously not a pure statute of limitations. The same argument applies to a substantive or "special" statute of limitations. Because the language of the Code section does not expressly say that it is binding upon the Commonwealth, despite the very clear meaning of the language used, it cannot be binding, and therefore it is not a substantive or "special" statute of limitations. This analysis leads to the only remaining alternative, that § 32.1-325.1:1 is a statute of repose.

A plain reading of the language of the statute leads to the conclusion that the four-year limitation period runs from a legislatively-selected point in time totally unrelated to the actual commencement or accrual of the cause of action. It limits the period of time within which the Commonwealth can bring an action. It affects the rights of the Commonwealth and not just the time limit within which a right of action can be asserted. It is a statute of repose and not the retroactive application of a statute of limitations. It defines and declares the rights of the Commonwealth. It tells the Commonwealth what constitutes its cause of action. Since the enactment of § 32.1-325.1:1 effective July 1, 1990, the Commonwealth has had no right to collect overpayments that occurred more than four years after the initial determination of such a debt by the Director.

> Conceptually, statutes of repose reflect legislative decisions that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability. Thus [this] statute of repose is intended as a substantive definition of rights as distinguished from a procedural limitation on the remedy used to enforce rights.

*School Bd. of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37 (1987).

The decisions of the Director dealing with his findings of fact and his conclusion based on those facts are reversed and vacated as not being in accordance with the law pursuant to § 9-6.14:17. His determination that the Commonwealth is not affected by the four-year term contained in § 32.1-325.1:1 is reversed. This entire case is remanded to the agency Director for a new finding of fact and new application of the law based on the record. That finding shall be in accordance with the construction of the law as set forth in this letter opinion.