## CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Redevelopment and
Housing Authority

v.

Shadowood Condominium
Association et al.

May 12, 2011

Case No. CL-2010-13282

BY JUDGE RANDY I. BELLOWS

On March 9, 2011, Plaintiff Fairfax County Redevelopment and Housing Authority filed its Motion for Summary Judgment. Defendants Shadowood Condominium Association and the Shadowood Condominium Association Board of Directors filed their Opposition to Plaintiff's Motion for Summary Judgment on March 18, 2011. After reviewing the parties' briefs and hearing argument on April 1, 2011, the Court is now prepared to rule on the distinct issue of whether the Shadowood Condominium Association "has the authority to impose assessments or charges of [the] nature" alleged in the Complaint. (Order, April 1, 2011.)

### I. *Background*

Plaintiff is a political subdivision of the Commonwealth of Virginia which owns several units within the Shadowood Condominium complex in Fairfax, Virginia ("the Shadowood complex"). These units are used for public housing for low income families. Defendants are responsible for the administration of the Shadowood complex, and their management powers stem from both the Master Deed, dated April 4, 1974, and from the Shadowood Condominium Association By-Laws ("By-Laws"). Defendants impose a monthly assessment on all unit owners in the Shadowood complex,

which represents the common costs or expenses necessary to operate, maintain, repair, replace, restore, or improve the property. Plaintiff pays this assessment on each of their units on behalf of their tenants.

In its Complaint filed September 20, 2010, Plaintiff alleged that Defendants assessed more than $20,000 in fines against Plaintiff for (1) failing to properly submit certain paperwork as part of the requisite Unit Owner's Status Report and (2) purported rules violations of one or more of Plaintiff's tenants. Plaintiff has also alleged that Defendants attempted to suspend Plaintiff's various rights and privileges as a unit owner due to its failure to pay these fines.

In its Motion for Summary Judgment, Plaintiff argues that Defendants did not have the authority under the pertinent condominium instruments and Virginia Code § 55-79.80:2 to levy such fines or suspend Plaintiff's privileges. In Defendants' Opposition, they contend that Defendants had such authority under the Master Deed, By-Laws, and a resolution properly promulgated by Defendants.

## II. *Analysis*

### A. *Legal Standards*

In Virginia, a trial court may enter summary judgment only if no material fact is genuinely in dispute. Va. Sup. Ct. R. 3:20; *Carson v. Leblanc*, 245 Va. 135, 139, 427 S.E.2d 189, 192 (1993). In considering a motion for summary judgment, a trial court must adopt those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880 (1997). Summary judgment is authorized where the moving party is entitled to judgment as a matter of law. *Id.*

Condominium instruments define the powers of a condominium association. *Unit Owners Ass'n of Buildamerica v. Gillman*, 223 Va. 752, 766, 292 S.E.2d 378, 385 (1982); Va. Code § 55-79.73 (2007). "The power exercised by [an] [a]ssociation is contractual in nature and is the creature of the condominium documents to which all unit owners subjected themselves in purchasing their units." *Id.* As in all contracts, "effect must be given to the intention of the parties" as expressed by the language of the condominium instruments. *Sully Station II Community Ass'n v. Dye*, 259 Va. 282, 284, 525 S.E.2d 555, 556 (2000). "The contract is construed as written without adding terms that were not included by the parties. . . . No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." *PMA Capital Ins. Co. v. US Airways, Inc.*, 271 Va. 352, 358, 626 S.E.2d 369, 372-73 (2006).

In contract cases where "reasonable men could reach different conclusions" about the parties' intent when entering a contract, summary judgment is inappropriate. *Richmond, F. & P. RR. v. Sutton Co.*, 218 Va. 636, 643, 238 S.E.2d 826 (1977). However, where the language of the documents is clear and unambiguous, the condominium instruments need no interpretation. *Sully Station II, supra.*

## B. *Findings*

The issue posed by this case is whether Defendants had the authority to levy these assessments based on (i) the Master Deed and By-Laws; (ii) a resolution properly promulgated under the Master Deed or By-Laws; or (iii) Virginia Code § 55-79.80:2. Based on its review of the condominium documents, the Court agrees with Plaintiff's interpretation and finds that the sums assessed against Plaintiff in this case were beyond Defendants' authority as defined in the Master Deed, By-Laws, and amendments to the By-Laws. In other words, the amounts assessed were not for the purpose of maintaining, repairing, replacing, or improving any of the common elements of the property and, therefore, were improperly levied.

### (i) *Master Deed and By-Laws*

Paragraph F(6) of the Master Deed states, in pertinent part, as follows:

> The administration of the Property shall be the *responsibility* of the Shadowood Condominium Association, consisting of all co-owners of "family units," which Association *shall* monthly assess, levy, and collect against, upon, and from each "family unit", its co-owner or co-owners, or the occupants of any "apartment," sums *necessary to operate, maintain, repair, replace, restore, or improve the Property*, which sums shall include amounts to be set aside in funded reserves for replacement and for working capital and which shall be known as the "common expenses." The Association *shall function solely on a not-for-profit basis*; no common expenses *or other sums shall* be assessed, collected, retained, or expended other than for the maintenance, repair, replacement, or improvement of the general common elements; and the Association shall undertake no activity unless it be directed to those ends. . . .

(emphasis added). In their Opposition, Defendants argue that this section does not limit their authority to levy assessments or charges in addition to those concerning common elements. However, this paragraph both defines and limits Defendants' powers and responsibilities.

Notably, the Master Deed states that the Shadowood Condominium Association *"shall function solely on a not-for-profit basis*; no. common expenses *or other sums shall* be assessed, collected, retained, or expended other than for the maintenance, repair, replacement, or improvement of the general common elements; and the Association *shall undertake no activity unless it be directed to those ends.* . . . [T]he word `shall' is primarily mandatory in effect, and `may' is primarily permissive in effect, `courts, in endeavoring to arrive at the meaning of written language, whether used in a will, a contract, or a statute, will construe `may' and `shall' as permissive or mandatory in accordance with the subject matter and context'." *TM Delmarva Power v. NCP of Va.*, 263 Va. 116, 121, 557 S.E.2d 199 (2002) *(citing Pettus v. Hendricks*, 113 Va. 326, 330, 74 S.E. 191, 193 (1912)); *see also Liberty Nursing Home, Inc. v. Director, Va. Dep't of Med. Assistance Servs.*, 45 Va. Cir. 534, 537 (1998) (the word "shall" is "defined as being a word that when used in statutes, contracts, or the like, is generally imperative or mandatory.") The Court interprets this paragraph to stand for the proposition that the Defendants may not exceed this limited authority to levy assessments for any purpose unrelated to maintenance or operation of the common elements. The use of the word "shall" earlier in the clause lends additional support to the Court's conclusion that this paragraph constrains Defendants' authority to levy assessments. (*See* Master Deed, ¶ F(6) ("Association *shall* monthly assess, levy, and collect against, upon, and from each "family unit", its co-owner or co-owners, or the occupants of any "apartment," sums *necessary to operate, maintain, repair, replace, restore, or improve the Property.* . . ." (emphasis added)).)

The By-Laws also confer authority upon Defendants and must be read in conjunction with the Master Deed. *See Epes' Administrator v. Hardaway*, 135 Va. 80, 97, 115 S.E. 712, 718 (1923) (citing *White v. Sayers*, 101 Va. 821, 45 S.E. 747 (1903)); *see also* Va. Code § 55-79.73 9 (requiring that bylaws be recorded contemporaneously with the declaration). Article IV, Section 2, of the By-Laws states that "[t]he Board of Directors shall have such authority and responsibility as is necessary for the administration of the affairs of the Association and may do all such acts and things that are not by law, by the Master Deed, or by these By-Laws prohibited them." Article IV, Section 3, of the By-Laws states that:

> In addition to duties imposed by the Master Deed, by these By-Laws or by resolutions of the Association, the Board of Directors shall be responsible for the following: (a) Care, upkeep, and improvement of the General and Limited Common Elements. (b) Establishing the annual budget and setting the level of monthly assessments. (c) Collection of monthly assessments from the co-owners. (d) Enforcement

and interpretation of the terms of the Master Deed and these By-Laws.

The Court finds that this portion of the By-Laws similarly limits Defendants' power to levy assessments to those necessary for the maintenance of the common elements and operation of the property. The strong language in the Master Deed prohibiting Defendants from undertaking "any activity" unless it is directed toward maintenance, repair, replacement, or improvement of the general common elements must be read as applying to all language in the condominium instruments. (Master Deed, ¶ F(6).)

Defendants point to language in paragraph H of the Master Deed that considers "the common expenses or assessments chargeable" and Article XI, Section 1(e), of the First Amendment to the By-Laws that contemplates payments of "Common Expense[s] and other sum[s] assessed" as supporting their overall interpretation of the condominium instruments. However, there is no indication in the condominium instruments that any sums can be collected for some purpose unrelated to the maintenance of common elements and operation of the property. Moreover, while Defendants argue that the independent collection of insurance policy premiums and utilities demonstrates that assessments may be levied for purposes beyond those listed in Paragraph F(6) of the Master Deed, the Court finds that these fall under the umbrella of common expenses necessary for the maintenance of the Shadowood complex. (*See* By-Laws, Art. VI, § 1 ("co-owners are obligated to pay monthly assessments imposed by the Association to meet all common expenses, *which must include* a liability insurance policy premium . . . and all charges for utilities serving the Property and the family units thereon, except telephone." (emphasis added)).)

In sum, the Court finds that the assessments that are the subject of the instant case are far more consistent with a punitive fine than with the type of charges necessary for the operation of the Shadowood property. Paragraph A(2) of the Master Deed defines "The General Common Elements" to include "the multifamily structure, the combined community building and central heating plant, and the land upon which they are located, and specifically includes, but is not limited to, roofs, main walls, slabs parking areas, community facilities, boilers, pumps, water tanks, trees, pavement, balconies, pipes, wires, conduits, air conditioners and ducts, and other public utility lines." *See also* Va. Code § 55-79.41 (defining common elements as "all portions of the condominium other than the units.") The parties agree that these assessments were for Plaintiff's supposed failure to properly submit certain paperwork and rules violations of one or more of Plaintiff's tenants. Neither rationale falls under the category of physical common elements as defined in the Master Deed. Therefore, based on the analysis above, Defendants did not have the authority either in the Master Deed or

the By-Laws, including the amendments thereto, to levy the contested sums against Plaintiff.

### (ii) *Rules Promulgated under the Master Deed and/or By-Laws*

Article VI, Section 5, of the By-Laws authorizes the Shadowood Condominium Association Board of Directors to "make and enforce the affairs of the Association as are consistent with the law, the Master Deed, and the Deed of Dedication." Defendants argue that Policy Resolution # 2009-03 ("Resolution"), which established the hearing procedures and assessment charges for violations of the Shadowood governing documents, was properly promulgated and consistent with the Master Deed and By-Laws. However, based on the above analysis, it is clear that this Resolution is not consistent with the governing documents and is, therefore, invalid. Defendants did not have the authority to assess the contested sums under this Resolution.

### (iii) *Virginia Code § 55-79.80:2*

Virginia Code § 55-79.80:2(A) provides that:

> The unit owners' association shall have the power, *to the extent the condominium instruments or rules duly adopted pursuant thereto expressly so provide*, to (i) suspend a unit owner's right to use facilities or services, including utility services, provided directly through the unit owners' association for nonpayment of assessments which are more than sixty days past due, to the extent that access to the unit through the common elements is not precluded and provided that such suspension shall not endanger the health, safety, or property of any unit owner, tenant, or occupant and (ii) assess charges against any unit owner for any violation of the condominium instruments or of the rules or regulations promulgated pursuant thereto for which such unit owner or his family members, tenants, guests, or other invitees are responsible.

(Emphasis added.) Defendants did not have the right to assess such charges under the governing instruments, and the Resolution that purportedly granting them such authority was inconsistent with those instruments. Therefore, Virginia Code § 55-79.80:2 does not apply to this case and did not confer any power to assess charges against Plaintiff for rules violations.

Accordingly, for the reasons stated above, Plaintiff's Motion for Summary Judgment is granted in part in accordance with this Court's Order on April 1, 2011. The Court's understanding is that this resolves the case in its entirety pursuant to the April 1, 2011, Order.