## CIRCUIT COURT OF HALIFAX COUNTY

Halifax County et al.

v.

Mason C. Day, Inc., et al.

November 30, 1988

### By JUDGE CHARLES L. McCORMICK, III

I have now had an opportunity to fully consider the various issues raised in the above matter relative to the several statutes of limitations questions involved and have concluded as follows:

(1) That the original contract action against Mason C. Day, Inc., contained in Count 1 of the Motion for Judgment is time-barred under the provisions of Section 8.01-246 of the Code of Virginia, as amended.

(2) That the question of whether the fraud action against the defendant, Mason C. Day, Inc., is time-barred should be the subject of an evidentiary hearing and therefore a ruling thereon will be reserved pending same.

(3) That this court concurs in the reasoning of the Fourth Circuit Court of Appeals that Section 8.01-250 of the Code of Virginia should be restricted in its application to actions for "injury" sounding in tort and therefore would be inapplicable to this case. (*Fidelity and Deposit Company of Maryland v. Bristol Steel and Iron Works*, 722 F.2d 1160 (4th Cir. 1983)).

(4) That with respect to the bond action, the question of the relationship of the period of limitations specified in the bond and the statutory limitations set forth in the Code of Virginia is a difficult and troublesome one. While it appears clear that the provisions of a bond may provide for a shorter statute of limitations than provided for by statute *provided there is no statutory language*

*prohibiting same (Smith v. Northern Neck Mutual Fire Assoc.,* 112 Va. 192, 70 S.E. 482 (1911); *Southwood Builders, Inc. v. Peerless Ins. Co.,* 235 Va. 162 (1988)), Section 32.2-314 of the Code would appear to specifically limit the time period within which a surety bond may reduce an otherwise applicable statute of limitations by the following pertinent language:

> No provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs *or the cause of action accrues.* (Emphasis supplied)

It would thus appear that a bond provision could not limit the bringing of a cause of action thereunder to less than one year after the accrual thereof. In the instant case, since the bond in question was executed pursuant to a special procurement statute in effect in November, 1980, the following code provision is applicable:

> Section 11-23: no action on any bond required under subparagraph (2), (performance bond), shall be brought unless within one year after:
> (1) completion of the contract, including the expiration of all warranties and guarantees or
> (2) defect or breach of warranty, if the action be for such, is discovered.

Defendants argue that the above discovery language should be construed to imply the usual provision "or by the exercise of due diligence reasonably should have been discovered." Admittedly, the failure of the statute to include such language is troublesome when the obvious long term implications thereof are considered; however, I am convinced that the legislature, being thoroughly familiar with the use of that very elementary phrase, must have intentionally omitted it from this legislation. I can only speculate that the legislature considered bonds of this type to be special creatures of the law, inasmuch as the expenditure of public funds is involved in the

projects they guarantee, and construe the statute as written.

Therefore, applying a literal interpretation of Section 11-23, and reading it in conjunction with Section 32.2-314, it is my opinion that the bond provisions could not limit the time within which an action could be brought thereon to less than one year after discovery of a defect, since the cause of action would not accrue until the discovery date. I am therefore of the opinion that at the present time, the defendant's motions to dismiss the bond action as being time-barred should be denied; however, should an evidentiary hearing disclose a "discovery" date earlier than January, 1987, I would entertain a reconsideration thereof.

Likewise, I am of the opinion that the defense of laches should be denied at this time.

In summary then, the original contract action is time-barred and will be dismissed; a ruling on the statute of limitations question as it pertains to the fraud action is deferred pending an evidentiary hearing; the statute of limitations motions on the bond action are denied subject to reconsideration should subsequent evidence disclose an actual discovery date earlier than January, 1987; and the defense of laches is denied.