# Dinell L. Hess, et al.

## v.

# Snyder Hunt Corporation, et al.

Record No. 891362

June 8, 1990

Present: All the Justices

50

*Louis C. Long (Bruce D. Campbell; Robert J. Ingram; Debra Woods Dobbins; Meyer, Darragh, Buckler, Eck & Hall; Gilmer, Sadler, Ingram, Sutherland & Hutton,* on brief), for appellants. *Jerry K. Jebo (Jebo & Turk,* on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, plaintiffs challenge the constitutionality of Code § 8.01-250 as applied to them. Code § 8.01-250, a statute of repose, provides, in pertinent part, as follows:

No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

## I

Snyder Hunt Corporation (Snyder Hunt) was the construction contractor of an apartment complex located in the Town of Blacksburg. Construction of the building in question was completed and a certificate of occupancy was issued by the town on May 6, 1980.

On October 12, 1985, Dinell L. Hess and Vera Anne Smith (the plaintiffs) were on a balcony of the building when the balcony collapsed and fell to the ground. The plaintiffs were injured in the fall.

In their motions for judgment, the plaintiffs alleged that their injuries were proximately caused by Snyder Hunt's negligent selection of materials and negligent construction of the balcony. Snyder Hunt filed pleas in bar, alleging that the plaintiffs' claims against it were extinguished by Code § 8.01-250 because all work was completed on the building more than five years prior to the filing of the lawsuits. The trial court sustained the pleas and dismissed Snyder Hunt as a party defendant. The plaintiffs appeal.

## II

■ A "statute of repose" differs from a "statute of limitations." Generally, the time limitation in the latter begins to run when the cause of action accrues. The time limitation in a statute of repose, however, "begins to run from the occurrence of an event unrelated to the accrual of a cause of action." *School Bd. of the City of Norfolk v. U.S. Gypsum*, 234 Va. 32, 37, 360 S.E.2d 325, 327 (1987). Furthermore, the expiration of the time extinguishes "not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued." *Id.* at 37, 360 S.E.2d at 327-28.

■ Statutes of repose evince a legislative policy decision that after the expiration of a specific time a defendant should no longer be subjected to liability. *Id.* at 37, 360 S.E.2d at 328.

As a statute of repose, Code § 8.01-250 is a redefinition of the substantive rights and obligations of the parties to any litigation "arising out of the defective and unsafe condition of an improvement to real property." Specifically, we think the lapse of the statutory period was meant to extinguish all the rights of a plaintiff, *including those which might arise from an injury sustained later* and to grant a defendant immunity from liability for all the torts specified in the statute.

*Id.* at 37-38, 360 S.E.2d at 328 (citations omitted) (emphasis added).

## A

The plaintiffs contend, however, that Code § 8.01-250 is unconstitutional, as applied, because it violates their constitutional guarantee of due process.[1] The due process clauses of the Federal and Virginia Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Va. Const. art. I, § 11.

■ All actions of the General Assembly are presumed to be constitutional. Thus, courts will declare an enactment unconstitutional only when it clearly is repugnant to some provision of either

---

[1] This is a question of first impression. We expressly refrained from deciding it in *Commonwealth v. Owens-Corning Fiberglas*, 238 Va. 595, 602 n.5, 385 S.E.2d 865, 869 n.5 (1989).

the state or federal constitution. The party challenging the enactment has the burden of proving its unconstitutionality, and if a reasonable doubt exists as to its constitutionality, the doubt must be resolved in favor of its validity. *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 94, 376 S.E.2d 525, 528 (1989).

Generally, due process is satisfied if an enactment has a "reasonable relation to a proper purpose and [is] neither arbitrary nor discriminatory." *Id.* at 97, 376 S.E.2d at 530 (quoting *Duke v. County of Pulaski*, 219 Va. 428, 438, 247 S.E.2d 824, 829 (1978)). Thus, under the general rule, a statute is not violative of due process if it withstands a "rational basis" test. *Id.* When, however, a statute affects a fundamental right or a suspect classification, its constitutionality will be judged by the "strict scrutiny" test. *Mahan v. NCPAC*, 227 Va. 330, 336, 315 S.E.2d 829, 832 (1984).

In the present case, we are confronted neither with a fundamental right nor with a suspect classification. Therefore, our inquiry is whether the statute of repose is reasonably related to a legitimate state objective. We think it is.

Construction projects can be expected to last for many years after their completion. The owner or occupier of the project will be exposed to long-term liability because he will remain responsible for the maintenance of the project. With the abolition of lack of privity as a defense, Code § 8.01-223, architects, engineers, and building contractors may be subject to liability. However, absent a statute of repose, an architect, engineer, or building contractor also would be exposed to long-term liability, even though their work had long since been completed. These, and other factors, reasonably justify the General Assembly's decision to impose a time limitation for actions against such defendants.

> There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim when "evidence has been lost, memories have faded, and witnesses have disappeared."

*Rosenberg v. Town of North Bergen*, 61 N.J. 190, 201, 293 A.2d 662, 667-68 (1972) (quoting *Developments in the Law: Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1185 (1950)). *See Cape Henry v. Natl. Gypsum*, 229 Va. 596, 331 S.E.2d 476 (1985).

Relying upon decisions from other states,[2] the plaintiffs specifically assert that they have been denied due process because the statute's five-year time limitation had expired before their causes of action accrued, *i.e.*, before their injuries were incurred. We are unpersuaded by these decisions; all of them dealt with violations of unique state constitutional provisions that guaranteed a litigant a right of access to courts.

Furthermore, contrary to the plaintiffs' assertion, it is only when a right has accrued or a claim has arisen that it is subject to the protection of the due process clause. *See* Code § 1-16; *City of Norfolk v. Kohler*, 234 Va. 341, 345, 362 S.E.2d 894, 896 (1987); *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984). In the present case, Code § 8.01-250 does not disturb a vested right, for "[n]obody has a vested right in the continuance of the rules of the common law." *Munn v. Illinois*, 94 U.S. 113, 134 (1877); *accord Mondou v. New York, N.H. & H.R. Co.*, 223 U.S. 1, 30 (1912). Code § 8.01-250 merely "prevent[s] what might otherwise be a cause of action, from ever arising." *Rosenberg*, 61 N.J. at 199, 293 A.2d at 667. Indeed, the fourteenth amendment does not forbid a legislature from abolishing old rights recognized by the common law in order to attain a permissible legislative objective. *Silver v. Silver*, 280 U.S. 117, 123-24 (1929) (constitutionality upheld of state statute that prohibits guest passenger from recovering damages from owner or operator of automobile for injuries caused by its negligent operation). Clearly, if a legislature can abolish a cause of action for a legitimate legislative purpose, it also may prevent a cause of action from arising by enacting a statute of repose for such a purpose.[3]

---

[2] The plaintiffs rely upon the following decisions from other jurisdictions: *In re Beverly Hills Fire Litigation*, 695 F.2d 207 (6th Cir. 1982) (applying Kentucky law); *Jackson v. Mannesmann Demag Corp.*, 435 So.2d 725 (Ala. 1983); *Overland Const. Co., Inc. v. Sirmons*, 369 So.2d 572 (Fla. 1979); *Saylor v. Hall*, 497 S.W.2d 218 (Ky. 1973); *Daugaard v. Baltic Co-Op Bldg. Supply Ass'n*, 349 N.W.2d 419 (S.D. 1984); *Horton v. Goldminer's Daughter*, 785 P.2d 1087 (Utah 1989); *Sun Valley Water Beds v. Hughes & Son*, 782 P.2d 188 (Utah 1989); *Phillips v. ABC Builders, Inc.*, 611 P.2d 821 (Wyo. 1980).

[3] The decision we reach accords with those of many of our sister states. *See, e.g., Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822 (Colo. 1982); *Beecher v. White*, 447 N.E.2d 622 (Ind. App. 1983); *Klein v. Catalano*, 386 Mass. 701, 437 N.E.2d 514 (1982); *Rosenberg, supra*.

## B

The plaintiffs also contend that Code § 8.01-250 violates the equal protection clause of the fourteenth amendment of the Federal Constitution, which provides that no state shall "deny to any person . . . the equal protection of the laws." U.S. Const. amend. XIV, § 1.[4] The equal protection clause is violated, the plaintiffs assert, because it gives preferential treatment to architects, engineers, and construction contractors over owners, landlords, and materialmen.[5]

When a classification neither infringes a fundamental right nor is based upon a suspect criterion, it need only satisfy a "rational basis" test. *Exxon Corp.* v. *Eagerton*, 462 U.S. 176, 195-96 (1983); *Etheridge*, 237 Va. at 103-04, 376 S.E.2d at 534. This test is satisfied "if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Eagerton*, 462 U.S. at 196. Thus, a court will not declare a classification unconstitutional simply because of some resulting inequality or discrimination. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *Etheridge*, 237 Va. at 104, 376 S.E.2d at 534. Indeed, the fourteenth amendment allows a state "a wide scope of discretion in enacting laws which affect some groups of citizens differently than others . . . [, and a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 425-26 (1961).

In the present case, we previously applied a "rational basis" test in a due process analysis and concluded that Code § 8.01-250 would promote a legitimate state objective. It follows, therefore, for the reasons previously stated, that the General Assembly had a rational basis for the challenged classification.

---

[4] Plaintiffs also rely upon the Virginia Constitution. However, that document does not contain an explicit equal protection guarantee. *See Etheridge*, 237 Va. at 103 n.5, 376 S.E.2d at 533 n.5.

[5] We assume, without deciding, that the plaintiffs have standing to argue that Code § 8.01-250 deprives them of equal protection.

## III

Thus, we hold that Code § 8.01-250 does not violate either the Federal or Virginia Constitutions. Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*