MITCHELL MILLER

v.

LOCHER SILICA CORPORATION and
LIBERTY MUTUAL INSURANCE COMPANY
No. 0897-90-3
Decided August 27, 1991

COUNSEL

Daniel Schorsch (Poindexter, Schorsch & Patterson, on brief), for appellant.

Thomas H. Miller (Linda Davis Frith; Gentry, Locke, Rakes & Moore, on brief), for appellees.

OPINION

**BENTON, J.**—Mitchell Miller appeals the Industrial Commission's denial of his claim for workers' compensation insurance benefits. He asserts that the five year limitation on occupational disease claims, as applied to him pursuant to Code § 65.1-52(3), denied him due process and equal protection as guaranteed by both the United States and Virginia Constitutions. We disagree and affirm the commission's denial of coverage.

Miller was last exposed to silica fibers in 1975 while working for Locher Silica. Although Miller began receiving medical treatment for health problems as early as 1977, he was not diagnosed as having work-related silicosis until 1988. In 1989, Miller filed a claim with the commission for workers' compensation benefits. As urged by Locher Silica, the deputy commissioner ruled that the commission lacked jurisdiction since Miller failed to file his claim

within five years of his last exposure to silica fibers as required by Code § 65.1-52(3). The full commission affirmed the deputy's decision.

 "The right to compensation under the [worker's] compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise." *Winston v. City of Richmond*, 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954). In pertinent part, Code § 65.1-52(3) provides the following:

> The right to compensation [for an occupational disease] shall be forever barred unless a claim be filed with the Industrial Commission within . . . two years after a diagnosis of the disease is first communicated to the employee or within five years from the date of the last injurious exposure in employment, whichever first occurs.

Although the statutory bar may be triggered by either of two events, the statute nonetheless is a statute of repose. *See Roller v. Basic Constr. Co.*, 238 Va. 321, 330, 384 S.E.2d 323, 327 (1989).

 Contrary to Miller's assertion, Code § 65.1-52 does not contravene any of his rights to due process and equal protection.

> The due process clauses of the Federal and Virginia Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Va. Const. art. I, § 11.

> All actions of the General Assembly are presumed to be constitutional. Thus, courts will declare an enactment unconstitutional only when it clearly is repugnant to some provision of either the state or federal constitution. The party challenging the enactment has the burden of proving its unconstitutionality, and if a reasonable doubt exists as to its constitutionality, the doubt must be resolved in favor of its validity.

> Generally, due process is satisfied if an enactment has a "reasonable relation to a proper purpose and [is] neither arbitrary nor discriminatory." Thus, under the general rule, a

statute is not violative of due process if it withstands a "rational basis" test. When, however, a statute affects a fundamental right or a suspect classification, its constitutionality will be judged by the "strict scrutiny" test.

*Hess v. Snyder Hunt Corp.*, 240 Va. 49, 52-53, 392 S.E.2d 817, 820 (1990) (citations omitted). Miller has not established that this case involves either a fundamental right or a suspect classification. Indeed, we perceive no basis upon which he could mount such an argument.

 "The right to recover under the [Workers'] Compensation Act, which is not based on negligence and is not barred by common law tort defenses of contributory negligence, negligence of a fellow servant, or assumption of risk, is a purely statutory right unknown at common law." *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 498, 237 S.E.2d 794, 796 (1977). "[I]n giving the right the legislature had full power to prescribe the time and manner of its exercise." *Winston v. City of Richmond*, 196 Va. at 407, 83 S.E.2d at 731. "Clearly, if a legislature can abolish a cause of action for a legitimate legislative purpose, it also may prevent a cause of action from arising by enacting a statute of repose for such a purpose." *Hess*, 240 Va. at 54, 392 S.E.2d at 821 (footnote omitted).

Statutes limiting the time within which an action may be brought are the result of a legitimate legislative determination which balances the rights and duties of competing groups. Such statutes serve a necessary function in the fair administration of justice.

*Barwick v. Celotex Corp.*, 736 F.2d 946, 956 (4th Cir. 1984). We cannot say that the limitations contained in Code § 65.1-52, as written or here applied, are unreasonable or unrelated to a legitimate state objective of providing predictability and finality to the rights and remedies statutorily created. Accordingly, we hold that Code § 65.1-52 meets the due process rational basis test.

 Miller's equal protection claim may be summarily addressed in view of the due process discussion. Classifications that are not suspect and that do not involve fundamental rights will survive equal protection challenges if they bear a reasonable relationship to a legitimate governmental purpose.

If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality". . . . "The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific". . . . "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

*Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (citations omitted). All silicosis claimants are subject to the same limiting impediments. The commission aptly stated that "[t]he law cannot and is not required to take into account the individual idiosyncrasies of each claimant's medical predisposition in formulating a limitation period." The rational basis test which defeats the due process challenge also defeats the equal protection challenge to the classifications.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.