## CIRCUIT COURT OF FAIRFAX COUNTY

Twelfth Skyline Associates

    v.

Fairfax County
Board of Supervisors

                    Case No. (Law) 103633

Thirteenth Skyline Associates

    v.

Fairfax County
Board of Supervisors

                    Case No. (Law) 103637

Fourteenth Skyline Associates

    v.

Fairfax County
Board of Supervisors

                    Case No. (Law) 103635

Fifteenth Skyline Associates

    v.

Fairfax County
Board of Supervisors

                    Case No. (Law) 103634

Hollinswood Associates

    v.

Fairfax County
Board of Supervisors

Case No. (Law) 97159

July 22, 1992

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on the motion of the Petitioners for entry of final settlement orders in the above styled actions, in accordance with an alleged settlement agreement between the Petitioners and the Board of Supervisors of Fairfax County. I have carefully reviewed the briefs, supplemental responses, pleadings and arguments of counsel, as well as the applicable authority, and I find the following to be appropriate in these cases.

This case arises out of a series of erroneous tax assessment actions filed by Petitioners regarding certain real property located in Fairfax County. The Petitioners allege that they have overpaid taxes to the County based on erroneous tax assessments for previous years on their respective properties. After these actions were filed the parties reached a settlement agreement as to the correct assessment amount for the years in dispute on each property. These settlements were approved by the Board of Supervisors on November 18, 1991, for the Hollinswood case and on April 6, 1992, for the Skyline cases. At the time the settlement agreements were finally approved the parties did not specifically address the issue of whether interest would apply to any amount refunded to the Petitioners. Whether or not the terms of the agreement between the parties included interest on any refund due the Petitioners is the sole question before this Court.

During all relevant times that these settlement agreements were negotiated and finally approved by the Board of Supervisors, the controlling statute regarding interest on erroneously assessed taxes was Va. Code Ann. § 58.1–3991 (1991), which states:

> The governing body of any county, city or town may provide by ordinance that all erroneously assessed taxes refunded under the provisions of this article be repaid with interest at a rate not to exceed the rate imposed by such locality for delinquent taxes. Such interest shall run from the date such taxes were required to be paid or were paid, whichever is later.

*Id.*

Pursuant to the above enabling statute, Fairfax County enacted ordinance section 4-4-4 of the Fairfax County Code which stated:

> For tax year 1980 and subsequent years, all erroneously assessed taxes and any penalty and interest paid thereon refunded under provisions of this Article shall be repaid with interest at the same rate imposed for delinquent taxes. Such interest shall run from the date such taxes were due or were paid, whichever is later.

*Id.*

Section 4-4-4 of the Fairfax County Code was repealed by the Board of Supervisors on April 7, 1992, and as such, Fairfax County has eliminated any future right to interest on tax refunds due to erroneously assessed taxes. However, prior to April 7, 1992, *all* refunds were paid with interest. Indeed, at the *ore tenus* hearing on this matter the witness from the County Department of Finance testified that *all* refunds prior to the repeal of the ordinance included interest as a matter of course. Although the term calling for interest was not specifically discussed between the Petitioners and the Deputy County Attorney during their negotiations, there is strong evidence that the payment of interest on the refunds was within the contemplation of the parties at the time the settlements were approved by the Board of Supervisors. This conclusion is also supported by the various correspondence between the parties regarding the endorsement of the proposed settlement orders. All the agreements were finalized and approved by the Board of Supervisors prior to the repeal of section 4-4-4, and it was not until April 13, 1992, (after the ordinance was repealed), that the Deputy County Attorney first objected to the inclusion of the interest term into the proposed orders.

The law in effect at the time the agreements were approved made interest payments on erroneously assessed taxes mandatory. "Statutory or ordinance provisions in effect at the time a contract is executed become as much a part of the contract as if incorporated therein." *Marriott v. Harris*, 235 Va. 199, 215, 368 S.E.2d 225, 233 (1988); *Harbour Gate Owners' Association v. Berg*, 232 Va. 98, 105, 348 S.E.2d 252, 257 (1986). The interest requirement of Fairfax County Code section 4-4-4 was therefore an incorporated part of the settlement agreements. Petitioners were entitled at that time and still are entitled to interest payments on the tax refunds.

The mere repeal of section 4-4-4 does not have any legal effect upon the terms of the settlements that were reached prior to the repeal. There is a strong presumption against the retrospective operation of a law in cases where it "would work injustice and disturb rights acquired under the former law." *Ferguson v. Ferguson*, 169 Va. 77, 85, 192 S.E. 774, 776 (1937). Upon the final approval of the agreements by the Board, the Petitioners gained a vested right to a refund from the County for the overpayment of taxes. This right under the law then in existence included a right to the interest on the overpayment. The Due Process Clause protects this right at the point in time that it accrues to prevent its cancellation by a subsequent retroactive law. *Hess v. Snyder Hunt Corporation*, 240 Va. 49, 54, 392 S.E.2d 817, 821 (1990). Indeed, the Board's amendment to Chapter 4 of the Fairfax County Code repealing section 4-4-4 does not purport to be retroactive in that such amendment states that it "shall become effective upon adoption." Accordingly, Petitioners' motion for entry of final settlement orders in the above-styled actions is granted.