## CIRCUIT COURT OF FAIRFAX COUNTY

George Powell

v.

Gilbane Building Co. et al.

### Case No. (Law) 124667

### March 31, 1994

BY JUDGE ARTHUR B. VIEREGG, JR.

The Court is prepared to rule on the plea in bar of defendant, Leo A. Daly Company, which was argued before the Court on March 25, 1994. The Court sustains the plea in bar and will enter an order dismissing the captioned action against the Leo A. Daly Company . . . .

Leo A. Daly and Leo A. Daly Company are two extant legal persons, a fact not disputed by the parties. Accordingly, the plaintiff's denomination of Leo A. Daly (rather than Leo A. Daly Company) as a party defendant in his initial motion for judgment did not constitute a misnomer within the meaning of the first sentence of § 8.01-6 of the Code of Virginia. *Rockwell v. Allman*, 211 Va. 560, 561 (1971).

The dispositive question therefore is whether, pursuant to the last sentence of § 8.01-6, the plaintiff's amendment naming defendant Leo A. Daly Company, a corporation, relates back to the date on which the suit against defendant, Leo A. Daly, an individual, was timely filed with the Court. The second sentence of § 8.01-6 provides as follows:

An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that

party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits, and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Court assumes that the only issue in dispute with respect to the plaintiff's argument is whether or not Leo A. Daly received notice of the institution of the action "within the limitations period prescribed for commencing the action against [it]." § 8.01-6(ii). While Leo A. Daly Company received the suit papers simultaneously as they were served on Leo A. Daly, that date was outside the limitations period for filing the plaintiff's personal injury action. Since that explicit timely filing requirement of the statute was not satisfied, the amendment naming Leo A. Daly Company does not relate back, and the amended motion for judgment must be dismissed as untimely filed against Leo A. Daly Company.

Finally, the Court considered the federal decisions related to Rule 15 of the Federal Rules of Civil Procedure cited by the plaintiff. As the arguments of counsel suggest, there are conflicting inferences which may be drawn from some of those decisions, especially *Schiavone v. Fortune*, 477 U.S. 21 (1986). Those excellent arguments, however, and the case on which they are based depend upon the "legislative history" of the Federal Rules. This Court, however, is bound to apply the plain meaning of Virginia statutes as enacted by the General Assembly. The Court concludes that its decision, expressed above, is consistent with the plain meaning of § 8.01-6.

June 22, 1994

BY JUDGE F. BRUCE BACH

On June 10, 1994, this matter came before the Court on Leo A. Daly Company's Plea in Bar to the cross-claim filed by Gilbane Building Company. Daly argues that Va. Code § 8.01-250, a statute of repose, bars Gilbane's claim for contribution. Counsel disagreed as to what date initiated the running of the statute of repose, and the issue was taken under advisement.

Pursuant to § 8.01-250 no action "shall be brought against any person performing or furnishing the design . . . more than five years after the performance o[r] furnishing of such services and construction." The Eastern District Court in *Federal Reserve Bank v. Wright*, 392 F. Supp. 1126

(E.D. Va. 1975), the primary case on which both Daly and Gilbane rely, held that § 8.01-250 runs from the date of "final completion" of construction. This interpretation is in accordance with the statutory language and is adopted by this Court.

However, the Eastern District's utilization of the date of substantial completion as the "approximate completion date" is confusing and inconsistent with the above statutory interpretation. *Id.* at 1128-30. Unlike analogous statutes in sister states, § 8.01-250 does not specify the date of "substantial completion" of construction as the date initiating the running of the statute of repose. Because § 8.01-250 does not identify the date of the end of performance or furnishing of construction, it is the duty of the trier of fact to determine the appropriate date.

The Plea in Bar is overruled as the factual stipulations before the court are insufficient to reach a determination. Daly may re-file the motion based on additional stipulations of fact, set the matter for an evidentiary hearing, or raise the issue again at trial.