## CIRCUIT COURT OF FAIRFAX COUNTY

McDonald

v.

Windermere Construction Co. et al.

December 2, 1996

Case No. (Law) 146632

By Judge Dennis J. Smith

On October 31, 1996, this matter came before this Court on Windermere Construction Company's Plea in Bar to the Plaintiffs' Second Amended Motion for Judgment. Windermere argues that § 8.01-250 of the 1950 Code of Virginia, a five-year statute of repose, bars the Plaintiff's claim for damages which arises out of an alleged unsafe installation of a stove. Counsel disagreed as to what date initiated the running of the statute of repose under the facts in this case. Following the submission of briefs and a hearing where testimony and evidence were provided, the question was taken under advisement.

This action arose from an injury to Plaintiffs' daughter, which occurred on April 3, 1995. Suit was filed on October 26, 1995. The action seeks to hold Windermere, one of many defendants, liable for the negligent failure to install a stove anti-tip device which is alleged to have caused the injury. Windermere was the general contractor hired in 1989 to renovate an apartment complex owned by Defendant Fairfield Crossing Associates. Windermere hired subcontractors to do the actual renovation work. According to testimony, the renovation done to each apartment in the complex was extensive and included replacement of major appliances such as the stove that is involved in this case. Testimony revealed that the renovation of the entire complex proceeded on an apartment-by-apartment basis as each became vacant. Plaintiffs' apartment at 2901 Dover Lane, Apt. T2 ("T2"), was one of the apartments renovated under the contract, and it is not disputed that the stove at issue was replaced in the renovation of T2.

At the October 31, 1996, hearing, this court found that the Plaintiffs' claims as to the defendants who were subcontractors were time barred by § 8.01-250. The subcontractors were hired to provide construction services on an apartment-by-apartment basis. Their obligations ended upon completion of their work on each apartment, and they may or may not have been hired to do further work at the project site. However, in applying the statute to the subcontractors, it was not necessary to determine whether it was the date that they installed the stove in T2 or completed their renovation work in T2 which triggered the statute of repose as either date fell outside the statutory period for bringing a claim.

Virginia's statute of repose, § 8.01-250, states in relevant part:

> [n]o action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

Section 8.01-250, Va. Code (Michie 1992). The question here is whether a suit filed against the general contractor on October 26, 1995, is time barred by the five-year period under this staute.

Windermere in its Plea argues that the appropriate date for the commencement of the five-year period is the date the stove was installed in T2, in August of 1990. In the alternative, Windermere argues that the appropriate date is when renovation work on apartment T2 was completed, before the end of September 1990. Using either date, any claim for faulty construction would thus be time barred. However, Plaintiffs insist that the running of the time limit in § 8.01-250 begins on the date that the renovation of the entire apartment complex was completed. The parties agreed that if the court ruled that the completion of the project was the proper commencement date, then the issue of establishing that date would be reserved for presentation of proof at trial.

Plaintiffs, in their briefs and oral argument, have relied primarily on the decision in *Federal Reserve Bank of Richmond v. Wright*, 392 F. Supp. 1126 (E.D. Va. 1975). Plaintiffs insist that this case requires a finding in the present

situation that the period of repose in § 8.01-250 begins to run on the date that Windermere completed the entire renovation project.[1] *Federal Reserve Bank of Richmond* involved a suit brought under former Va. Code § 8-24.2, the predecessor to § 8.01-250.[2] There, a claim was brought against architects who were hired to provide architectural, engineering, and supervisory services for the design and construction of the Communications and Records Center of the Federal Reserve Bank. The Court considered whether the statute contemplated more than one commencement date, with the selection of the appropriate date depending upon whether the cause of action arose from negligent design rather than negligent construction. The Court held that "a reasonable construction of the statute would suggest a *single* limitation period to run from the final completion date of the entire project, whether the claim arises from faulty design or from faulty construction." *Federal Reserve Bank of Richmond*, 392 F. Supp. at 1130 (emphasis added). In *Powell v. Gilbane Bldg. Co.*, 34 Va. Cir. 12 (1994), Judge Bach of this Court adopted this same interpretation of the statute.

In this case, application of the *Federal Reserve Bank of Richmond* holding would mean that the action against Windermere would not be time barred. However, Windermere urges that the question in the present case is not answered by *Federal Reserve Bank of Richmond* and presents several arguments in support. Windermere argues, *inter alia*, that as Plaintiffs have only alleged negligent installation of a stove and not negligence in construction of the entire complex, the contract between Windermere and Fairfield Crossing Apartments is not relevant to a determination of the commencement date for the statute of repose issue. An analysis of the purpose of the statute of repose, however, suggests otherwise.

In *Hess v. Snyder Hunt Corp.*, 240 Va. 49 (1990), the Virginia Supreme Court decided the constitutionality of § 8.01-250. In that case, the defendant

---

[1] This final date of completion was not established at the hearing, although the contract between Windermere and Fairfield mentioned the date of March 18, 1991. Nonetheless, the evidence showed that the completion date of the entire renovation project was well within the five-year period under the statute.

[2] Section 8-24.2 provided in pertinent part that: "No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction." § 8-24.2 Va. Code (Michie 1976).

was a construction contractor for an apartment complex and was sued by a tenant for negligent construction of a balcony. The defendant filed pleas in bar alleging that the plaintiff's claims were extinguished by § 8.01-250 because all work was completed on the building in question more than five years prior to the filing of the lawsuits. Relevant to the issue in the present case, the Court discussed the rationale behind Virginia's statute of repose. "Statutes of repose evince a legislative policy decision that after the expiration of a specific time, a defendant should no longer be subjected to liability." *Hess*, 240 Va. 49 at 52.

> Construction projects can be expected to last for many years after their completion. The owner or occupier of the project will be exposed to long-term liability because he will remain responsible for the maintenance of the project. With the abolition of lack of privity as a defense ... building contractors may be subject to liability. However, absent a statute of repose ... [a] building contractor also would be exposed to long-term liability, even though their work had long since been completed ... There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim when "evidence has been lost, memories have faded, and witnesses have disappeared."

*Id*. at 53.

Starting the statute of repose clock on actions against the general contractor on the date of completion of the entire project, here the renovation of all of the apartments in the complex, is in accord with the purpose of the statute. To hold Windermere responsible for negligence that occurred on its watch during the entire renovation project is not an unexpected result. Regardless of how long it took to complete the renovations, since Windermere continued in the role of the general contractor on the job, there is less concern that evidence will have been lost, memories will have faded, or witnesses will not be located. This is especially true where renovations are done according to a common plan or scheme, as was done here.

Additionally, considering Windermere's continuing involvement in the renovation project from 1989 through at least part of 1991, it is reasonable for Windermere to expect that potential liabilities could arise as long as they were present on the job site. The evidence established that Windermere was responsible for returning to apartments to perform repairs related to the renovation even after renovations were completed and individual apartments were returned to tenant use. On November 26, 1990, about one month after

Windermere stated that renovations were completed on T2, an invoice was submitted for repainting entry doors on a number of apartments, including T2.[3] On January 3, 1991, an invoice was submitted for electrical work on all apartments at 2901 Dover Lane.[4] Windermere demonstrated that their relationship with even finished apartments was a continuing one.

The Virginia Code governing mechanics' liens also suggests that this result is in line with Virginia policy regarding contractor liability. Section 43-4 of the Code governs the filing of a memorandum of lien and directs that one manner of filing may be done within ninety days of last performing labor or material or completion of a building or structure. This section and interpretive case law suggest that for purposes of determining when time limitations commence, the time of completion of a project as contemplated by the Code is when a contractor's work on the project ends.

Section 8.01-250 should be given a liberal interpretation. *Wiggins v. Proctor & Schwartz, Inc.*, 330 F. Supp. 350, 353 (E.D. Va. 1971). Absent further edification from the Virginia Supreme Court, the *Federal Reserve Bank of Richmond* interpretation currently states the law in Virginia that for actions against general contractors, the statutory period begins to run upon completion of the entire project. As to Windermere, completion of the entire project would be the date that it completed its renovation work on the entire Fairfield apartment complex. This court believes that this outcome is within both the plain meaning and purpose of the statute and holds that defendant Windermere's Plea in Bar will be overruled for the reasons and authority stated.

---

[3] Plaintiffs' Exhibit # 16 in support of its Memorandum in Opposition to the Plea in Bar of Defendant Windermere. The invoice was from S & J Painting Co.

[4] Plaintiffs' Exhibit # 22 in support of its Memorandum in Opposition to the Plea in Bar of Defendant Windermere. The invoice was from Roy H. Davidson Electric Co.