COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


RALPH BLAKESLEE DEAN

v.   Record No. 0505-97-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ATLANTIC RESEARCH CORPORATION                MAY 6, 1997
AND
ARGONAUT INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Douglas K. W. Landau; Allred, Bacon,
               Halfhill, Landau & Young, on brief), for
               appellant.

               (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
               Rosenberger, on brief), for appellees.


     Ralph Blakeslee Dean contends that the Workers' Compensation

Commission erred in finding that (1) Code § 65.2-406(A)(5) barred

the commission from considering Dean's claim for workers'

compensation benefits for an occupational disease of berylliosis;

and (2) the application of Code § 65.2-406(A)(5) to Dean's claim

did not deny Dean due process and equal protection as guaranteed

by both the United States and Virginia Constitutions.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     Dean was last exposed to beryllium powder and its components

in May 1973 while working for his employer, Atlantic Research

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Corporation.  On August 8, 1994, Dr. Lee S. Newman first communicated to Dean that he suffered from an occupational disease, chronic beryllium disease ("berylliosis").  Dean's condition resulted in the need for medical treatment and permanent disability.  On February 2, 1995, Dean filed a claim with the commission for workers' compensation benefits.

The commission ruled that it lacked jurisdiction to consider Dean's claim because he did not file it within five years of his last exposure to beryllium as required by Code § 65.2-406(A)(5).  Dean argues that the application of this code section violated his constitutional rights to due process and equal protection.

> Code § 65.2-406(A)(5) provides as follows:
> A.  The right to compensation under this chapter shall be forever barred unless a claim is filed with the Commission within one of the following time periods:
>
>     *     *     *     *     *     *     *
>
> 5.  For all other occupational diseases, two years after a diagnosis of the disease is first communicated to the employee or within five years from the date of the last injurious exposure in employment, whichever first occurs.

In <u>Miller v. Locher Silica Corporation</u>, 12 Va. App. 1213, 1216-17, 408 S.E.2d 566, 567-68 (1991), we upheld the commission's dismissal of Miller's claim for the occupational disease of silicosis on the ground that the commission lacked jurisdiction to consider the claim because it was not filed within five years of the last injurious exposure as required by

Code § 65.1-52(3) (now Code § 65.2-406(A)(5)).  In so holding, we found that "Code § 65.1-52[(3)] [now Code § 65.2-406(A)(5)] does not contravene any of [the employee's] rights to due process and equal protection."  Miller, 12 Va. App. at 1215, 408 S.E.2d at 567.

Here, the commission recognized that it lacked jurisdiction over Dean's claim based upon our ruling in Miller.  We agree.  We find no merit in Dean's argument that Miller should not apply because his claim involves berylliosis rather than silicosis.  Both diseases fall under the same code section governing the applicable limitations period.  Dean's claim was not filed within five years of his last injurious exposure, and is therefore, barred.  Our holding in Miller, likewise, is dispositive of Dean's constitutional claim.  See id. at 1215-17, 408 S.E.2d at 567-68.

For the reasons stated, we affirm the commission's decision dismissing Dean's claim.

Affirmed.