# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Oscar W. Tate
and Frances J. Tate

v.

Colony House Builders, Inc.,
Thomas P. Sagun,
and Hilda R. Sagun

November 3, 1997

Case No. (Law) L97-171

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court on October 27, 1997, on the Defendants' joint Motion for Summary Judgment. The Plaintiffs filed a Motion for Judgment alleging that certain representations made to them by the Defendants concerning improvements to real property constituted a fraud. All of the parties agree that the improvements to the real property were completed prior to December 17, 1990. The Motion for Judgment was filed on April 25, 1997. For the purposes of this motion, all allegations pleaded in the Motion for Judgment are admitted as true. The questions before this Court are:

1. Is § 8.01-250, Va. Code (1950, as amended), applicable to this litigation?

2. Do the representations of the Defendants which are recited in the Motion for Judgment constitute a material misrepresentation of fact, therefore, a fraud?

*Statement of Fact*

On November 7, 1990, the Plaintiffs, Mr. and Mrs. Oscar W. Tate, agreed to purchase a house in Spotsylvania County, Virginia, from the Defendants,

Mr. and Mrs. Sagun, for the sum of $345,000. This dwelling had been constructed by the Defendant, Colony House Builders, Inc. Both Mr. and Mrs. Sagun were shareholders in Colony House Builders, Inc., and Mr. Sagun served as the corporation's President. The actual closing on this real estate transaction took place on December 17, 1990.

Prior to closing, Mr. Sagun, in his capacity as President of Colony House Builders, Inc., made the following statements to the Defendant:

1. The new dwelling house was free from structural defects.

2. The new dwelling house was constructed in a workmanlike manner.

3. The new dwelling house was fit for habitation.

4. The new dwelling house was competently designed, commensurate with a consideration of $345,000.

5. The Tates would enjoy quiet possession in the sense that, except for minor corrective work, no corrective work would be required in the sense of restoration, rebuilding, or extensive repair.

6. The design and construction of the dwelling were of the highest quality.

The Plaintiffs had no reason to doubt any of the statements made by the Defendant, Thomas Sagun, until November or December 1996. At that time, however, as a consequence of a pre-sale inspection, the Plaintiffs were advised that:

1. There were structural defects in the house.

2. The house was not constructed in a workmanlike manner.

3. The house was not fit for habitation.

4. The house was incompetently designed. Significant work was required to be done with respect to rebuilding and extensive repairs.

As a consequence of the problems that were revealed by the inspection, Plaintiffs had to make major structural changes in certain walls and roof supports. The Defendants deny that they are in any way responsible for any damages that may have been sustained by the Plaintiffs.

### Opinion

Section 8.01-250, Va. Code (1950, as amended), specifically addresses the question of limitations on actions involving damages arising out of defective or unsafe conditions of improvements to real property. The statute states in pertinent part:

> No action to recover any injury to property . . . arising out of the defective or unsafe condition of an improvement to real property shall be brought against any person performing or furnishing the design,

planning, surveying, supervision of construction, or construction of such improvements to real property more than five years after the performance or furnishing of such services and construction.

The Supreme Court of Virginia has recognized the legitimate interest of the Commonwealth in imposing a limitation on actions of this kind even though it can be argued that the statute favors certain groups such as engineers and construction companies over owners. See *Hess v. Snyder Hunt Corp.*, 240 Va. 49 (1990). In this case, more than six years passed between the date of closing and the date of filing the Motion for Judgment.

The Plaintiffs contend that this cause of action is based on material misrepresentations of fact which constitute a fraud. The Plaintiffs must show that a false representation of a material fact was made innocently or negligently and that they were damaged as a result of their reliance upon the misrepresentation. *Valuation Research Corp. v. Alequin*, 247 Va. 143, 148 (1994). Moreover, an action based upon fraud must aver the misrepresentation of present pre-existing facts and cannot ordinarily be predicated on unfulfilled promises as to future events. *Lloyd v. Smith*, 150 Va. 132, 145 (1928); *Blair Const., Inc. v. Weatherford*, 253 Va. 343 (1997).

The Court's initial inquiry must focus on the misrepresentation of a material fact. The statements which make reference to (1) no defects, (2) workmanlike manner, (3) fit for habitation, (4) competently designed, (5) no future extensive repairs, (6) highest quality, (7) finest design, (8) superior product, and (9) a model home are not statements of material fact. Such statements are expressions of opinion and do not form the foundation for an assertion of fraud. Moreover, should this Court find that such statements constitute a basis for a claim of fraud, every construction contract in this Commonwealth would be subject to such a claim and the specific intent of § 8.01-250, Va. Code (1950, as amended), would be destroyed.

This Court finds that § 8.01-250, Va. Code (1950, as amended), is applicable in this matter and that the statute of limitations as recited therein bars the continuation of this litigation. Furthermore, this Court finds that the facts of this case do not support an allegation of fraud, either actual or constructive.

It is therefore, adjudged, ordered, and decreed that the Special Plea of the Defendant is sustained and the Motion for Summary Judgment is granted. This matter is therefore dismissed with prejudice.