## CIRCUIT COURT OF THE CITY OF NORFOLK

BurgerBusters, Inc.

    v.

Ratley Construction Co., Inc., et al.

February 13, 1998

Case No. (Law) L97-2840

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff, a restaurant company, has filed an action for breach of contract against the general contractor that built its restaurant and the contractor that performed certain site work in connection with the construction. The restaurant opened for business on October 23, 1991, and it appears that the last construction of any kind was performed on February 21, 1992. On April 12, 1996, the plaintiff filed an earlier action against the defendants on this same cause of action. The plaintiff did not have that action served, and it took a nonsuit on May 20, 1997. This action was filed on August 19, 1997.

The defendants' plea in bar asserts that this action is barred by Code of Virginia § 8.01-250 (all statutory references are to the Code of Virginia) because it was not instituted within five years of the completion of construction. They further contend that the tolling provision of § 8.01-229(E) is inapplicable because § 8.01-250 is a statute of repose and not a statute of limitations. The plaintiff agrees that the tolling provision does not apply to a statute of repose, but it argues that § 8.01-250 does not apply to this action because it arises *ex contractu* and not *ex delicto*. Parham Construction Company has also filed a motion to change venue. The pleas in bar will be overruled, and the motion to change venue will be granted.

### The Pleas in Bar

Section 8.01-250 provides in pertinent part:

No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing ... construction of such improvement to real property more than five years after the performance of ... such ... construction.

No reported case has held that this statute applies to actions *ex contractu*, but several decisions have held that the statute is restricted by its terms to action *ex delicto*. *Fidelity & Deposit Co. of Md. v. Bristol Steel & Ironworks, Inc.*, 722 F.2d 1160, 1162 (4th Cir. 1983); *Delon Hampton & Assocs. v. Washington Metro. Area Transit Auth.*, 943 F.2d 355, 360-62 (4th Cir. 1991); *Halifax County v. Mason C. Day, Inc.*, 14 Va. Cir. 209 (1988); *Ukrop's Supermarkets, Inc. v. U. S. Mineral Products Co.*, 17 Va. Cir. 368 (1989). Judge Warriner apparently reached the same conclusion in *Federal Reserve Bank of Richmond v. Wright*, 392 F. Supp. 1126, 1129, n. 2 (E.D. Va. 1975).

The defendants rely on two cases in which governmental entities sued asbestos manufacturers for damages associated with the removal of asbestos from buildings. The issue here was not raised or decided in either case. *School Board of the City of Norfolk v. United States Gypsum*, 234 Va. 32, 360 S.E.2d 325 (1987), involved a certified question from a U. S. district court about the constitutionality of § 8.01-250.1. *Commonwealth v. Owens-Corning Fiberglas Corp.*, 238 Va. 595, 385 S.E.2d 865 (1989), decided the applicability of § 8.01-250 to the Commonwealth. It does not appear there was privity of contract between the plaintiffs and the defendants in either case. The causes of action in *School Board* included breaches of express and implied warranty. The opinion in *Owens-Corning* does not state the causes of action pleaded. Breach of warranty was originally considered a tort action. *Dupont Co. v. Universal Molded Prod.*, 191 Va. 525, 534, 62 S.E.2d 233, 236 (1950); Prosser, *Law of Torts* (4th ed.) pp. 635, 654.

The Court's discussion of the purpose of § 8.01-250 in *School Board* gives support to both sides:

As a statute of repose, Code § 8.01-250 is a redefinition of the substantive rights and obligations of the parties to *any* litigation "arising out of the defective and unsafe condition of an improvement to real property." Specifically, we think the lapse of the statutory period was meant to extinguish all the rights of a plaintiff, including those

which might arise from an injury sustained later, [citation omitted] and to grant a defendant immunity from liability for all the *torts* specified in the statute. 234 Va. at 37-38, 360 S.E.2d at 328. [Emphasis added].

In *Hess v. Snyder Hunt Corp.*, 240 Va. 49, 392 S.E.2d 817 (1990), the Court noted that with the abolition of the defense of privity, contractors and others associated with the construction of a building would be exposed to long term tort liability absent a statute of repose. 240 Va. at 53, 392 S.E.2d at 820. Liability for negligence could extend to persons unknown at the time construction was completed. These problems do not exist between contracting parties as the statute of limitations for a written contract is five years from the breach, §§ 8.01-230, 8.01-246(2); the breach of the contract must occur not later than the end of construction; and there are no unknown future plaintiffs.

Virginia's statutes of limitation have long made distinctions among causes of action for breach of contract (§ 8.01-246), personal injury (§ 8.01-243(A)), and injury to property (§ 8.01-243(B)). Virginia also has a specific statute of limitations (§ 8.01-244) for wrongful death actions. The accrual statute (§ 8.01-230) also distinguishes among actions for injury to the person, damage to property, and breach of contract.

Had the General Assembly intended § 8.01-250 to apply to actions for breach of contract, it could have added "breach of contract" to the enumerated actions in the statute or it could have omitted the words "to recover for any injury to property, real or personal, or for bodily injury or wrongful death." It did neither. *Inclusio unius est exclusio alterius*

The General Assembly has also presumably been aware of the Fourth Circuit's construction of the statute, and it has not amended it. When a United States district court misconstrued this very statute, the General Assembly took prompt action. *See Cape Henry v. National Gypsum*, 229 Va. 596, 331 S.E.2d 476 (1985) (holding that a materialman is entitled to the protection of the statute in an action brought by a successor in interest to the original owner). The General Assembly's acquiescence in *Fidelity & Deposit Co.* and *Delon Hampton* is evidence that those cases were correctly decided.

*Venue*

Counsel for the plaintiff and for Ratley have conceded that venue in Norfolk is improper and that Norfolk was chosen for the convenience of counsel. This action is therefore transferred to the Circuit Court of Albemarle County, where Parham regularly conducts business. §§ 8.01-262(2), 8.01-263, 8.01-264.